Layton, Appellant, *v.* Unemployment Compensation Board of Review.

Argued October 24, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Ralph N. Kellam,* with him *Frederick L. Fuges,* for
appellant.

*R. Caryle Fee,* Asst. Special Deputy Attorney General,
with him *Charles R. Davis,* Special Deputy Attorney
General, and *James H. Duff,* Attorney General, for ap-
pellee.

OPINION BY KELLER, P. J., December 13, 1944:

This appeal brings before us only a question of pro-
cedure, namely, whether the Unemployment Compen-
sation Board of Review, in the circumstances of the
case, committed error in vacating the decision of the
referee and dismissing the claimant's appeal therefrom,
on the ground that the claimant's original appeal from
the decision of the Department of Labor and Industry
was not filed within ten calendar days after notifica-
tion of such decision was mailed to the claimant? See
Unemployment Compensation Law—Act of December
5, 1936, P. L. (1937) p. 2897, sec. 501.

The general rule is in accord with the board's ac-
tion, which followed the strict wording of the statute.
But there is a well recognized exception to it, namely,
that where a person is unintentionally misled by an
officer who is authorized to act in the premises, courts

will relieve an innocent party of injury consequent on such misleading act, where it is possible to do so.

Thus, where a party has been prevented from appealing by the wrongful or *negligent* act of a court official, it has been held that the court has power to extend the time for taking an appeal beyond the time fixed by statute. It was so stated by our Supreme Court in *Wise v. Cambridge Springs Boro.*, 262 Pa. 139, 104 A. 863. And in *Plains Township Audit*, 15 Pa. C. C. Reps. 408, Judge RICE, afterward President Judge of this court, when on the common pleas bench, allowed an appeal nunc pro tunc from the report of township auditors, upon the ground that the appellant had been misled by the town clerk and had consequently failed to file his appeal within the time fixed by statute. His action in this respect was referred to with approval by the Supreme Court in *Zeigler's Petition*, 207 Pa. 131, p. 135, 56 A. 419.

*Horn v. Lehigh Valley R. R. Co.*, 274 Pa. 42, 44, 117 A. 409, was a workmen's compensation case having some features very similar to this one. In that case the widow of an employee, who died on September 10, 1918, wrote to the Workmen's Compensation Board a few days before the year following his death expired, about presenting a claim against her husband's employer. An officer of the board replied to her by letter, which was received by her the day before the year was up, stating, "I am sending you blank form of claim petition, which must be mailed to Harrisburg on September 10, 1919." The paper enclosed was a form of compensation *agreement*, not a *claim petition*. She signed it and sent it to Harrisburg by registered mail on September 9. It was not received by the board until September 11, 1919. The *agreement* was sent by the board to the employer for execution by it, but was returned unsigned, with a denial of liability. Thereafter a formal claim petition was filed by the widow based on the facts con-

tained in the compensation agreement. The Supreme Court in holding that in the circumstances of the case the claim would be considered as filed in time, speaking through Mr. Justice KEPHART, said:

"An examination of the compensation agreement and the claim petition shows the facts necessary to each, with unimportant exceptions, are alike. It is not material in what form the claim petition appears, as long as it presents a demand or claim for an injury that, on the facts as stated, appears to be compensable. Filing the agreement, then, was a substantial compliance with section 402.

"The letter from the board directed the petition to be mailed not later than September 10th. This was the last day it could be filed with the board, and, of course, the direction as to mailing was a mis-statement. Where a person is unintentionally deceived as to his rights by one who has authority to act in the premises, courts will not, if it is possible to prevent it, permit such deception to work an injury to the innocent party. Here the widow was misled by the statement of the board's officer. She, no doubt, could have had the paper delivered in Harrisburg on the date named, had she known that was necessary."

See also *Horton v. West Penn Power Co.,* 119 Pa. Superior Ct. 465, 473, 180 A. 56.

The pertinent facts in the present case are as follows: The Department of Labor and Industry (Bureau of Unemployment Compensation) on October 4, 1943 denied the appellant's claim for compensation on the ground that their ex parte investigation led them to believe that he had voluntarily left his last place of employment without good cause.

The Executive Director, the proper executive officer of the bureau and department, (acting by C. Roy English, Acting Chief Benefit Payment Section) mailed to claimant on the same day—he had no counsel—a

letter notifying him of the department's action and setting forth the grounds for so acting, ending the letter with the following paragraph:

"If you do not agree with our decision, you must notify us within ten days from date or you will forfeit all rights to dispute your claim."

This was the only notice of decision received by the claimant.

The letter was misleading in two respects: (1) It called upon the claimant to "notify us" within ten days, if he disagreed with the decision, instead of notifying him that he must file an appeal within that time; and (2) the penalty for his failure so to "notify us" was stated to be that he would forfeit all rights to "dispute" his claim, instead of that the decision would become final.

The claimant promptly—the next day, October 5—wrote and mailed to Mr. English a letter, replying to his notification of October 4, in which he stated fully his grounds of disagreement with the decision of the department or bureau, and set forth at length his answer to and denial of the charge that he had left his last employment voluntarily and without good cause.

This letter was received at the department the same day, and it was apparently treated as an appeal, for the referee to whom the case was assigned for hearing and determination stated in his report or decision that the claimant had appealed on October 5, 1943.

It is probable that claimant subsequently received some instruction that it should be supplemented by a formal 'petition for appeal', for on October 19, 1943 he signed and swore to such a petition on a blank prepared by the Unemployment Compensation Board of Review, in which he appealed "from the decision of the Bureau of October 4, 1943" and set forth his grounds for appeal in substantially the same language as contained in his letter of October 5, 1943.

This appeal was received by the department on October 22, 1943.

On its face it showed that *it* had not been filed within ten days after the date of the decision, October 4, 1943. But the original appeal has marked on it in lead pencil, "Date of appeal, October 5, 1943," which was the date of the letter containing his grounds of disagreement.

The appeal was assigned by the Board of Review to the referee for the 8th and 9th districts, who, in turn, assigned an examiner to take testimony in New Jersey, where claimant then resided, and a hearing was held at Cape May Court House, New Jersey, on December 9, 1943, at which claimant testified; and a further hearing was scheduled before the referee at Philadelphia for December 20, 1943, at which the employer, for whose benefit it was fixed, did not appear.

On December 31, 1943, the referee filed his decision ruling against the claimant, in which he recited that the appeal was taken on October 5, 1943.

On January 4, 1944, the claimant filed his "Request for Review of Claim" asking for an appeal before the Board of Review, pursuant to Section 502 of the act.

The Board of Review did not consider the appeal on its merits, but on January 28, 1944 entered its order *vacating* the decision of the referee and dismissing the petition for appeal, on the ground that it was without jurisdiction, because a "formal appeal" from the department's decision had not been completed within 10 days after October 4, 1943, in accordance with its Rule 220 of Procedure for Claims Appeals.

We sustain claimant's appeal, on the ground that he was misled by the notification of the department's decision sent by its duly authorized agent or officer; and no injury has been done anyone by allowing the appeal.

Claimants in these cases are not usually represented by counsel and are not conversant with intricate rules of procedure. If they are expected to comply with

formal rules of procedure for claims appeals, fair, correct and reasonable notice of such rules should be sent them with the notice of the department's ruling or decision.

We are of opinion that the claimant's letter of October 5, 1943 was a strict compliance with the instructions contained in the letter of notification sent by the department's officer on October 4, 1943, and should be treated as the equivalent of filing the appeal, which was prepared in compliance with the Rules of Procedure of the Board of Review within a reasonable time after he was informed of them, following the misleading letter of notification by the department's officer and agent; and that he is entitled to a review of his case on the merits by the Board.

Order reversed at the costs of the appellee and record remitted for a hearing and determination by the Board of Review on the merits.