Argued November 16, 1949.
Claimant was employed for some eight years as the manager of a Pittsburgh beauty shop. Having suffered for some time from a sinus condition, she resigned her position and, on the advice of her physician, moved to California. There she registered for work and filed a claim for unemployment benefits against the Commonwealth of Pennsylvania. The Inter-State Benefit Section of the Bureau denied her claim by a decision of February 16, 1949. The Notice of Decision (UC 44) was that day mailed to claimant. On its face was stated: "Last day to file appeal February 26, 1949."
On the reverse side there was an explanation of the method for filing an appeal which contained, inter alia, the following: "If you write a letter and intend that it be accepted as an appeal, be sure to specifically state that `I hereby request a review of decision' or `I hereby file an appeal'. Letters which contain only general statement[s] of dissatisfaction or complaint cannot be accepted as an appeal within the ten day appeal period." *Page 607 
No blank form for appeal was enclosed with that letter. On February 21 (five days after the letter was sent from Harrisburg) claimant wrote and air mailed from California a letter which was received by the Bureau on February 23. This letter said, in part: ". . . If you will please carefully examine . . . my particular case I am sure you will agree with me, that I am entitled to the full benefits . . . In the meantime, I have been very assiduous in fulfilling all my obligations pertaining to these benefits . . . I have no alternative but resort to this demand . . ."
Not choosing to accept this letter as an appeal, the Bureau sent claimant a blank form of Petition for Appeal (UC 46) and instructions (UC 46 FI). These were mailed to California on February 23 — just three days before the last day for filing an appeal. The form was completed by claimant and filed March 1.
On the ground that a timely appeal had not been instituted, the referee dismissed her petition, and, on further appeal, the Board affirmed the referee's decision.
On claimant's appeal from the decision of the Board, we must determine: first, whether claimant's letter of February 21 should have been accepted as an appeal; and second, if not, whether the Bureau unintentionally misled claimant by mailing the blank forms on February 23.
Section 501, Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P. S. § 821, provides, in part: "(e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within ten (10) calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final . . ." *Page 608 
In Layton v. Unemployment Compensation Board of Review,156 Pa. Super. 225, 40 A.2d 125, this Court said, in an opinion by President Judge KELLER, pages 230, 231: "Claimants in these cases are not usually represented by counsel and are not conversant with intricate rules of procedure. If they are expected to comply with formal rules of procedure for claims appeals, fair, correct and reasonable notice of such rules should be sent them with the notice of the department's ruling or decision."
In accordance with that ruling claimant, who was not represented by counsel and who was known to the Bureau to be residing in California, should have been sent the form of Petition for Appeal with the notice of adverse decision mailed her on February 16. We agree with appellant that "It should have been manifest to the Bureau that the Claimant, who resided in California, could not receive the adverse Notice of Decision mailed her on February 16, write to the Bureau for specific instructions as to appeal, receive them back, and comply with the instructions — all before February 26th, the last date for appeal." But instead of sending the form for appeal together with instructions to the claimant with the notice of adverse decision, the Bureau did not send them to her until February 23, after the receipt of claimant's letter dated February 21. Since the appeal form and the instructions for completing the same were not mailed until February 23, it was physically impossible for the claimant to have received them in the ordinary course of the mails, completed the form, and have it in the return mail by February 26, the date on which the time for taking the appeal expired.
In reversing the order of the Board of Review in the Layton
case, supra, this Court said, pages 226, 227: "The general rule is in accord with the board's action, which followed the strict wording of the statute. But *Page 609 
there is a well recognized exception to it, namely, that where a person is unintentionally misled by an officer who is authorized to act in the premises, courts will relieve an innocent party of injury consequent on such misleading act, where it is possible to do so."
When claimant received the form of Petition for Appeal with instructions as to completing it, after she had written the letter dated February 21, it would be only natural for her to conclude that the Bureau had accepted her letter as the equivalent of saying "I hereby request a review of decision." She then promptly completed the form and returned it to the Bureau on March 1, 1949, three days after the last day for taking an appeal.
We conclude that claimant was unintentionally misled by the officer of the Bureau who sent her the claim petition into assuming that her letter had been accepted as an appeal which was to be perfected by the completion of the appeal form.
The order is reversed at the cost of the appellee and the record remitted for a hearing and determination by the Board of Review on the merits.