Bryant Unemployment Compensation Case.

Hess Brothers, Appellant, *v.* Unemployment Compensation Board of Review.

Argued September 30, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Orrin E. Boyle,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY ROSS, J., November 11, 1953:

In this unemployment compensation case the compensation authorities found for the claimant, Lee G. Bryant, and the employer, Hess Brothers, has appealed to this Court.

The employer hired claimant on April 16, 1952 to work in its department store as a helper in the decorating department, and he was so employed until January 12, 1953, when he was laid off due to lack of work.

The employer contends that claimant is ineligible under section 402(a) of the Unemployment Compensation Law because he had been self-employed for several years before and during the time of his employment by Hess Brothers and he failed, without good cause, to apply himself "to suitable work of his own business" after he was laid off by the employer.

The Board found that the claimant was not self-employed during the period for which he claimed benefits and this finding is supported by the evidence. According to the evidence, the claimant prior to going

to work for Hess Brothers operated a cigar and novelty store. He testified that when he took employment with Hess Brothers he was operating his business "in a small way" but that thereafter "It finally dwindled down to nothing". While working for the employer the claimant operated his store at night "until some weeks before Christmas when I practically closed down altogether. . . . I did not have the trade." We can find nothing in the Unemployment Compensation Law that requires a claimant who was once self-employed to return to an unremunerative business and diligently pursue a lost cause. This contention of the employer is without merit.

The claimant testified that he has had a "minor" heart condition "All my life". He did not disclose this fact to the employer in his written application for employment. The employer, however, subsequently learned of the claimant's disability but permitted him to continue working. While claimant described his heart ailment as minor, he did state that he was unable to do "heavy work". The employer contends that the claimant's failure to disclose his physical condition to his employer before he was hired constitutes "willful misconduct" and, therefore, he is barred from benefits under section 402(e) of the Act, which provides: "An employe shall be ineligible for compensation for any week—(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." This section of the Act is clearly inapplicable to the present claim for benefits. Here claimant was not discharged or temporarily suspended from work but was laid off because of lack of work and not because of any false statement he made in his application for employment. Consequently, willful misconduct is not in this case.

The only problem in this appeal is the employer's contention that claimant is ineligible for benefits under section 402(a) because he refused an offer of "suitable work". However, this contention cannot be resolved on the present record. Claimant admitted that the employer offered him work but testified that the work involved "lifting about 300 pounds", which he could not do because of his heart condition. The employer, on the other hand, minimized the physical exertion required to perform the work.

Although the compensation authorities found "3. Although the claimant suffers with a cardiac condition, he is able and available for suitable light work", they made no finding relative to the suitability of the work offered to the claimant by the employer. Section 4(t) of the Unemployment Compensation Law, 43 PS sec. 753, provides, in part, as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, . . ." A claimant's physical fitness is one of the tests of suitable employment. *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400. Work is suitable only if the employe is capable of performing it. *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A. 2d 259. Determination of suitability of work is largely a question of fact and ordinarily our review is limited to ascertaining whether the finding is sustained by the evidence. *Fuller Unemployment Compensation Case,* 159 Pa. Superior Ct. 74, 46 A. 2d 510. The suitability of the work offered the claimant is the crux of this case and the record must be remanded for a finding on this vital issue.

The decision is vacated and the record is remitted

to the Board for further proceedings consistent with this opinion.