## Kapera Unemployment Compensation Case.

Submitted April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John S. Kapera,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

John S. Kapera was employed by the Westinghouse Electric Corporation in East Pittsburgh, Pennsylvania, as a machine helper. He was laid off on March 30, 1954, due to lack of work. His application for unemployment benefits was disallowed by the Bureau, the Referee, and the Board of Review. This appeal followed.

During an interview at the local office, appellant made the following statement: "I live on an 86 acre farm which I own together with my wife. My wife and a hired man which I have do the actual operation of the farm. I only do occasional work there as the hired man handles the farm. I have only 20 acres under tillage the rest is in pasture and woodland. 6 acres of wheat, 6 acres of oats, 10 acres in corn and some garden for the home. I have 26 head of cattle, 15 milking age. I have nothing whatsoever to do with the cattle unless my wife is ill or something and then I'll do her work for her. I usually work at Westinghouse but am presently laid off. The milk averages about $5,000 per year. I would return to Westinghouse anytime I am called as I have 9½ years of service there. I have always worked elsewhere as the farm isn't big enough to make a living on".

The record discloses that the farm is located in a rural area near Export, Pennsylvania, and that appellant is co-owner of the stock as well as the farm itself. Commencing in July, 1954, appellant assisted in the milking twice a day. The Referee stated: "Inasmuch as the claimant is an owner of the farm and is performing substantial services in the furtherance of the farm business, the Referee concludes that the claimant is ineligible for benefits under Section 401 as defined in Section 4 (u). The claimant at the time of his application for benefits was not separated from all employ-

ment. He, therefore, has not met the requirements of Section 401 (c) by filing a valid application for benefits as defined by Section 4 (w) of the Law".

Section 4 (u) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS 753, provides that a claimant can only be deemed unemployed "(I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him . . ." That appellant is engaged in a farming operation for his own benefit and with the hope of eventually realizing a profit therefrom is evident from his testimony.[1] Since appellant assumed the risk of profit or loss, he cannot now look to the unemployment compensation fund to subsidize his business venture merely because he is not required to devote all of his time and effort to the farm work. In fact, appellant's farming operation was so extensive that he found it necessary to employ a farm hand. There can be no question that he was engaged in business for himself.

The avowed purpose of the Unemployment Compensation Law, as set forth in section 3 (43 PS 752), is the alleviation of economic insecurity due to unemployment. Persons engaged in business for themselves do not come within the protection of the Law: *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254. In *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429, President Judge RHODES said: "The unemployment compensation reserves established thereunder should be used for the payment of benefits to those who come within the ob-

---

[1] "Q. The farm is being operated for a profit, is that right? A. We are trying to do that, yes. Originally it wasn't, right now, the way conditions are we are trying to make a profit".

jective of the Act. Payments must be made in accordance with its avowed purposes, and the Act must be given a realistic interpretation". In the words of Judge RENO in *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 101 A. 2d 421: "Conceivably, where a person divides his time and labor between work for another and potentially profitable work for himself, as where, e.g., a factory worker also operates, say, a store, a farm or a workshop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate".

Under the circumstances in the case at bar, appellant's situation does not represent the type of economic insecurity which was within the contemplation of the legislature. See *Shadowens Unemployment Compensation Case,* 177 Pa. Superior Ct. 49, 110 A. 2d 258. One who is self-employed is not unemployed: *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438.

Decision affirmed.

Ross, J., dissents.