## Kespelher Unemployment Compensation Case.

512

[redacted]

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

[redacted]

*W. Davis Graham,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WRIGHT, J., July, 21, 1955:

George H. Kespelher was employed at the Cadogan Mine of the Allegheny River Mining Company of Kittanning, Pennsylvania, until June 24, 1954, on which date the mine was permanently shut down and Kespelher was laid off. His application for unemployment benefits was disallowed by the Bureau, the Referee, and the Board of Review. This appeal followed.

We have before us a motion to quash under our Rule 48 on the ground that the appeal was not filed within thirty days after the decision of the Board became final. See the Act of December 5, 1936, P. L. (1937) 2897, as amended, sections 509 and 510, 43 PS 829 and 830. It appears that a praecipe for appeal was filed within the statutory period, but the appeal "petition" required by the Act was not received in the

Prothonotary's office until two days after the statutory period had expired. Appellee cites *Ardes Unemployment Compensation Case,* 138 Pa. Superior Ct. 99, 10 A. 2d 56; *Layton Unemployment Compensation Case,* 156 Pa. Superior Ct. 225, 40 A. 2d 125; *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847; *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 60 A. 2d 586; *Haile Unemployment Compensation Case,* 174 Pa. Superior Ct. 86, 99 A. 2d 908; and *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 111 A. 2d 165. These cases are authority for the proposition that the statutory period for appeal to the Superior Court from the decision of the Board may not be judicially extended or obviated. However, without announcing a contrary rule of general application, we have decided under the particular circumstances to dispose of the appeal on its merits.

The record discloses that appellant resides on and is the sole owner of a farm of 130 acres located near New Bethlehem, Pennsylvania, on which he raises grain for sale. In 1953 he had 39 acres planted in wheat, 11 acres in oats, and 11 acres in corn, from all of which he received a gross income of between $1,000 and $1,400. In 1954 he had 11 acres planted in wheat, 11 acres in corn, and 11 acres in oats. At the time of the Board hearing (September 21, 1954) he had received approximately $200 from the sale of wheat, but had not yet disposed of his other crops. Appellant did all of the plowing and some of the planting. From time to time he hired neighbors to help out with the work. Appellant's farm operations were performed during his spare time during the period when he was employed. After his lay-off he sought other work in various cities, and performed no services on the farm.

Relying on *Muchant Unemployment Compensation Case*, 175 Pa. Superior Ct. 85, 103 A. 2d 438, the Referee ruled that appellant "was not totally unemployed within the meaning of section 401 as defined in section 4 (u)", and was therefore ineligible for benefits.

Appellant's counsel attempts to distinguish the *Muchant Case* on the ground that "the man performed no services on his farm". This argument overlooks the fact that appellant customarily operated the farm during his spare time, doing all the plowing and a part of the planting. While he employed neighbors to help with some of the work, this circumstance merely made him an employer, similar in position to many other farmers who find it necessary to secure extra help during certain seasons of the year. The fact that, since his lay-off, he had not performed any services on the farm but had spent his time looking for other work, cannot be asserted as a reason for allowing benefit payments. Were we to subscribe to such a doctrine it would be an invitation to others in appellant's situation to merely abstain from their self-employment operations in the event of a lay-off.

We reaffirm the proposition, so frequently enunciated, that the purpose of the Law is the alleviation of economic insecurity due to unemployment. See *Kapera Unemployment Compensation Case*, 178 Pa. Superior Ct. 508, 116 A. 2d 238. Appellant was engaged in crop farming on such a substantial scale as to remove him from the class of workers the Act was designed to protect. In the words of President Judge Rhodes in the *Muchant Case*, supra, he "was engaged in an activity sufficiently substantial in nature to constitute 'employment' ".

Decision affirmed.

Ross, J., dissents.