Aley Unemployment Compensation Case.

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Ellsworth Scott Aley*, appellant, in propria persona.

*William L. Hammond*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

Ellsworth Scott Aley was employed by the National Tube Company in Ellwood City, Pennsylvania, until April 16, 1954, on which date he was laid off because of a reduction in force. His application for unemployment benefits was disallowed by the Bureau, the Referee, and the Board of Review. This appeal followed.

We have before us a motion to quash on the ground that the appeal was not filed within thirty days after the decision of the Board became final. It appears, not from the record but from statements at the time of oral

argument, that appellant's appeal petition was received in the Prothonotary's office on November 8, 1954, which was the last day for filing. It was returned to appellant for the purpose of having the affidavit completed. The notarized petition was not received by the Prothonotary until November 12, 1954. A somewhat similar situation was presented in *Kespelher Unemployment Compensation Case,* 178 Pa. Superior Ct. 511, 116 A. 2d 239. As in that case, without announcing a general rule, we have decided to dispose of the appeal on its merits.

The record discloses that appellant and his wife were the owners of an appliance store in Ellport, Pennsylvania, which they had operated for approximately two years. Appellant testified that he did not do much business, that there was a net loss in 1953, and that he did not expect to realize any net profit in 1954. His contention is that "it is the amount of money earned (or not earned) that is the determining factor in deciding benefits". But this contention is contrary to our consistent interpretation of the legislative intent as expressed in the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 PS 751 et seq. See *Kapera Unemployment Compensation Case,* 178 Pa. Superior Ct. 508, 116 A. 2d 238.

In the case at bar, appellant was, and for the past two years had been, an independent self-employed merchant engaged in business for the purpose of producing remuneration. The mere fact that his business may not have been profitable does not remove appellant from the category of a businessman and bring him within the class of workers the Act was designed to protect. As pointed out by President Judge RHODES in *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438, the statute ". . . was not designed to insure a weekly income to those engaged

in business ventures who may not realize a profit therefrom during various weekly periods. There may be a hardship in some cases where a regularly employed worker is also engaged in the conduct of a part-time business enterprise. However, if, as here, it is established that the claimant is actually engaged in the conduct of such an enterprise, the fact that he realizes no present weekly profit from the business for the services rendered cannot operate to make him eligible for unemployment compensation benefits". In the words of Mr. Chief Justice MAXEY: "The law does not make Pennsylvania employers the insurers to any extent whatsoever of the private ventures of their employes": *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254.

Decision affirmed.