## Meckes Unemployment Compensation Case.

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Russell Kowalyshyn,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY RHODES, P. J., November 11, 1959:

This is an appeal by claimant[1] from a decision of the Unemployment Compensation Board of Review refusing benefits to claimant on the ground that he was not "unemployed" within the meaning of section 401, 43 PS §801, as that term is defined in section 4(u) of the Unemployment Compensation Law, 43 PS §753(u).

Claimant was laid off because of lack of work on August 14, 1958. He had been employed by Mack Trucks, Inc., Allentown, for about three years. In addition to this employment claimant and his wife rented a farm, cultivating approximately fifty-five acres with corn, wheat, alfalfa, and oats. Claimant performed most of the work necessary on the farm, receiving help from his wife and occasionally hiring extra assistance. No livestock was maintained; the products of the farm were raised for sale. For the year 1957 claimant had a gross income of $2,585.63 and expenses of $2,593.85.

Claimant was refused benefits by the bureau; he was allowed benefits by the referee; and, as we have indicated, on appeal the board reversed the referee and denied the claim. In refusing benefits the board stated: "By engaging in a sizeable farming operation, the

---

[1] During the pendency of this appeal a suggestion of the death of claimant was filed by his widow.

claimant thereby took himself out of the category of an unemployed 'employe' and beyond the scope of the Unemployment Compensation Law. Since the claimant was self-employed, he cannot be deemed to be unemployed within the meaning of Section 401 as defined in 4 (u) of the Law." The board relied upon our decision in *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438.

In the *Muchant* case we held that a claimant who operated and worked an eighty-acre farm, cultivating fifty acres, in addition to his employment was not eligible for compensation when laid off at his regular employment because he was engaged during the time of his purported unemployment in a business of his own. We there said (page 87 of 175 Pa. Superior Ct., page 440 of 103 A. 2d) : "We have no doubt that claimant was available for recall to the mines at all times during the lay-off period. But the fact remains that he operated his farm during this interval, and therefore he was not unemployed while awaiting the call for the basic reason that one who is self-employed is not unemployed. . . . We agree with the observation of the Board that such a ruling may tend to penalize the ambitious and energetic, but it must be borne in mind that the purpose of the Unemployment Compensation Law is to provide temporary benefits for the worker who is unemployed through no fault of his own. . . . It was not designed to insure a weekly income to those engaged in business ventures who may not realize a profit therefrom during various weekly periods." Cf. *Bryant Unemployment Compensation Case,* 174 Pa. Superior Ct. 115, 117, 100 A. 2d 120.

The fact that the individual business enterprise was not actually profitable for the period of the alleged unemployment is not in itself controlling. Other considerations are that the self-employment was poten-

tially profitable, that it was of substantial proportions, and that the risk of profit or loss in such ventures are assumed by the self-employed. As Judge RENO said in *Martin Unemployment Compensation Case*, 174 Pa. Superior Ct. 412, 416, 101 A. 2d 421, 423: "Conceivably, where a person divides his *time and labor* between work for another and potentially profitable work for himself, as where, e.g., a factory worker also operates, say, a store, a farm or a workshop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate." See, also, *Kapera Unemployment Compensation Case*, 178 Pa. Superior Ct. 508, 510, 116 A. 2d 238; *Kespelher Unemployment Compensation Case*, 178 Pa. Superior Ct. 511, 116 A. 2d 239; *Aley Unemployment Compensation Case*, 178 Pa. Superior Ct. 515, 516, 116 A. 2d 241; *Walley Unemployment Compensation Case*, 184 Pa. Superior Ct. 456, 457, 136 A. 2d 136.

Claimant had been engaged in a substantial farming operation for a period of approximately ten years; during several years claimant apparently was able to make a livelihood for his family from the farm without the aid of outside employment. Prior to his separation claimant worked from 4:30 p.m. to 1:00 a.m., thus having practically all the daytime hours to devote to work on the farm. The conclusion of the board to the effect that claimant was engaged in an activity sufficiently substantial in nature to constitute employment will therefore not be disturbed.

The decision is affirmed.