Marshall Fleming *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Marshall Fleming, Appellant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Carrie Menkel-Meadow,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 1, 1977:

Claimant appeals from a decision of the Unemployment Compensation Board of Review (Board), which held claimant's appeal from the decision of a referee was not timely filed under Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822. We affirm.

The limitation period (10 days) placed on appeals is mandatory. However, there are instances in which the limitation period has been extended or waived. *Gill Unemployment Compensation Case,* 165 Pa. Superior Ct. 605, 70 A.2d 422 (1950). This has been the case where fraud is involved or a claimant has been unintentionally misled by compensation authorities. See Judge BLATT's discussion in *Kitchell v. Unemploy-*

*ment Compensation Board of Review,* 9 Pa. Common-wealth Ct. 149, 305 A.2d 728 (1973). In either instance, claimants carry a heavy burden of proof. *Id.*

In the instant case, claimant concedes that his appeal was not timely filed, but contends that he was unintentionally misled by employees of the Bureau of Employment Security (Bureau). Claimant concedes that he received the decision of the referee and the accompanying instructions concerning filing further appeals. Upon receipt of the referee's decision claimant went to the Bureau. When he arrived he found that the employees were on strike and that there were pickets at the Bureau's office. Claimant, without asking anyone or attempting to enter the office, assumed that he could not enter the office to file his appeal. Claimant, however, did file his appeal after the strike ended, some seven days after the limitation period for his appeal.

Claimant would have us hold, contrary to the findings of the Board, that picketing the local Bureau office was an action which unintentionally misled him regarding his right of appeal.[1] This argument unfortunately neglects the fact that the instructions which accompanied the referee's decision, which claimant unequivocably states he received, specifically men-

---

[1] The record is silent as to what individuals were on the picket line when appellant was there or as to what their duties were under normal circumstances. Appellant assumes that the pickets were within the somewhat restricted class established by *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Super. 225, 40 A.2d 125 (1944) where the time for appeal was extended because the claimant was "unintentionally misled by an officer who is authorized to act on the premises." While we do not decide it in this case, it is a novel argument indeed that the employer is charged with unintentional misrepresentation of pickets when it is not clearly established that the pickets are his employees or that they are authorized to make such representations under normal circumstances.

tioned that the appeal could be filed by mail. When claimant wrongfully assumed that he could not enter the office,[2] the reasonable thing to do was not, as claimant argues, to wait until the strike ended, but rather to mail in his appeal. Even assuming *arguendo,* that claimant was unintentionally misled by the picketing of the Bureau office into believing he could not file his appeal in person, he held the key to his dilemma in his hands—the instructions accompanying the referee's decision specifically stated he could file his appeal by mail.

Accordingly, we will enter the following

ORDER

Now, March 1, 1977, the decision of the Unemployment Compensation Board of Review, dated February 11, 1976, Decision Number B-129950, is affirmed.

---

[2] The Bureau office was open and being manned by administrative personnel.