Brenda Chambers, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Phillip B. Rosenthal,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 13, 1983:

This is an appeal of an order made by the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare (DPW) which affirmed the Examiner's decision to deny six months redetermination benefits to Brenda Chambers (Petitioner). DPW denied Petitioner's claim for prenatal benefits from November of 1980 through April of 1981 because she failed to submit a physician's documentation of her pregnancy in accordance with 55 Pa. Code 145.43(b).[1] We reverse.

In November of 1980, after her doctor informed her that she was four months pregnant, Petitioner

---

[1] The provisions of 55 Pa. Code 145.43(b) have been deleted. 11 Pa. B. 3962 (1981).

contacted DPW and was referred to a caseworker. Petitioner told the caseworker that she was pregnant. The caseworker said she would visit Petitioner within the next six months. Petitioner also testified that she went to DPW with a doctor's note but was instructed that she could not leave it at the front desk for the caseworker as it might get lost. On February 12, 1981 the caseworker visited Petitioner's home. Petitioner was not at home and the caseworker left her card. That day Petitioner called the caseworker and again stated that she was pregnant and requested another home visit which was not made. Petitioner again called the caseworker later in February of 1981. Petitioner testified that on one of those occasions the caseworker told her she did not need a note from her doctor because the caseworker could tell when someone was pregnant. Petitioner and the caseworker never met.

The child was born in April of 1981 and the caseworker visited the Petitioner in June of 1981, after which the benefits for the child were added to the grant.

Although Petitioner did make several efforts to document her pregnancy, she did not comply with 55 Pa. Code 145.43(b) which requires a physician's certification of pregnancy prior to the awarding of benefits. It appears, however, that her failure was based on statements made to her by the caseworker informing her that she did not need her doctor's note. Relying on these statements, the Petitioner awaited further contact from DPW, and therefore did not submit the required notice.

We have recognized exceptions to strict compliance with agency regulations where fraud or its equivalent have been shown, *Nixon v. Nixon*, 329 Pa. 256, 198 A.2d 154, and where a person might have been misled

by an authorized official. *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944). Such is the case here. Petitioner here discontinued her efforts to document her pregnancy with DPW in reliance on statements made to her by the caseworker. We therefore reverse and remand this matter to DPW for calculation of prenatal benefits to which Petitioner would have been entitled.

## ORDER

Now, October 13, 1983, the Final Administrative Action order of the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare in the above referenced matter, dated September 11, 1981 is hereby reversed and this matter is remanded to the Department for a calculation of prenatal benefits from the appropriate date in February, 1982 when Petitioner was informed that a doctor's certificate would not be required. Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

The issue before us is whether the Petitioner is entitled to AFDC benefits for her unborn child. She was granted benefits as of June 2, 1981, when her caseworker verified that a child had been born on April 24, 1981. Petitioner filed a claim for benefits from the date of her pregnancy. It is that part of her claim that has been denied.

The hearing examiner found as a fact that the Petitioner *never* submitted medical verification of her pregnancy. Department of Public Walfare regulations in effect at the time of this claim provided that to be eligible for AFDC benefits, the claimant was required to meet two conditions: (1) the child, if born,

would qualify as a dependent child and (2) the pregnancy was established by a physician. 55 Pa. Code §145.43(b)(1).[1]

Inasmuch as no medical verification was *ever* submitted by Petitioner, the hearing examiner denied her claim. The reasonableness of requiring medical verification of the pregnancy is not contested.

Petitioner contends in her argument to this Court that she made several attempts to provide this medical verification and that her testimony in this regard was not considered by the hearing examiner. To the contrary, in his discussion of the case, the examiner refers to Petitioner's testimony in considerable detail. The majority apparently believes that since the examiner *referred* to Petitioner's testimony, he accepted it. I do not agree. After considering the Petitioner's testimony, the examiner found that the caseworker did attempt to contact Petitioner for medical verification without success. I must conclude that the examiner simply did not believe the Petitioner's testimony. In any event, I do not believe this Court can give credence to it unless the examiner has done so. My conclusion is that the examiner properly considered Petitioner's testimony and rejected it. Under such circumstances, I do not believe we can accept it.

In view of the fact that the Petitioner has never submitted the required medical verification, I am unable to see how DPW could establish a date of pregnancy for benefits to begin. The burden was on the Petitioner to prove her claim. She has failed to do so.

I would affirm the order of the Department of Public Welfare.

---

[1] This regulation has been deleted by an amendment adopted by the Department of Public Welfare effective November 7, 1981. AFDC benefits are now denied pregnant women although they may be eligible for general assistance.