562 A.2d 313

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Appellant,**

**v.**

**SCHOOL DISTRICT OF PHILADELPHIA, Appellee.**

Supreme Court of Pennsylvania.

Argued April 13, 1989.

Decided Aug. 8, 1989.

Elisabeth S. Shuster, Chief Counsel, Michael Hardiman, Asst. Chief Counsel, Pa. Human Relations Comm., Philadelphia, for appellant.

Harry S. Tischler, Asst. Gen. Counsel, School Dist. of Philadelphia, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMONT, ZAPPALA and PAPADAKOS, JJ.

## OPINION IN SUPPORT OF AFFIRMANCE

ZAPPALA, Justice.

I would affirm on the reasoning of the court below. As that reasoning was set out in an unpublished Memorandum Opinion, I will, at the risk of plagiarizing, paraphrase it here.

On or about July 1, 1986, the Human Relations Commission received a completed Commission questionnaire from Sandra Lewis alleging that the School District of Philadelphia had discriminated against her son because of his race, in that he had been subjected to racial slurs and had been disciplined more harshly than white students in his class. The questionnaire was dated May 14, 1986, and although no specific dates were given for the alleged discriminatory events, they could have occurred no later than May 8, 1986, when Tyrone Lewis transferred from the school. A complaint containing these same allegations, verified on November 13, 1986, was mailed to the Commission on November 24, 1986, and received a day later. It was also served on the School District on November 25, 1986.

The School District moved to dismiss the complaint as untimely filed. At the time, Section 9(g) of the Pennsylvania Human Relations Act, Act of December 27, 1965, P.L. 1225, as amended, 43 P.S. § 959(g), provided that "[a]ny complaint filed pursuant to this section must be so filed within ninety days after the alleged act of discrimination." A hearing officer denied the motion, citing 16 Pa.Code § 42.11(d), which provides that "complaints that do not fully conform with § 42.31 ... will be considered filed on the date received by the Commission but may be quashed at the discretion of the Commission if such non-conformity is not remedied by amendment or otherwise within a reasonable

time." The hearing officer treated the questionnaire as an unverified complaint, the lack of verification having been "corrected" within a reasonable time by the filing of the complaint form in November. Since the Commission received the questionnaire within 90 days of the last possible incident of alleged discrimination, the complaint was deemed timely filed.

The School District obtained review of this ruling by respectfully declining to comply with the Commission's subpoena. Commonwealth Court rejected the Commission's reasoning and denied its petition for enforcement of the subpoena.

In *Murphy v. Commonwealth*, 506 Pa. 549, 557, 486 A.2d 388, 392 (1985), we observed that

> [b]y statute the jurisdiction of the Human Relations Commission may be invoked by filing a verified complaint "which shall set forth the particulars" of the discriminatory practice complained of. 43 P.S. § 959. (Citation omitted). A filing which does not comply with these strictures improperly invokes the Commission's jurisdiction, and is in fact a nullity.

Although we isolated the particularity requirement of the statute because it was relevant to the facts in *Murphy*, the same reasoning applies fully to the verification requirement found in the same sentence of the statute. Whatever else the Commission's regulations may do, they cannot enlarge the statutory period for filing a verified complaint. As in *Murphy*, I reject "the contention that the second pleading corrected the first, since [it] could not properly be construed to convey ex post facto jurisdiction beyond the statutory limit." *Id.*

For these reasons, the order of the Commonwealth Court denying enforcement of the subpoena should be affirmed.

McDERMOTT and PAPADAKOS, JJ., join in this Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF REVERSAL

LARSEN, Justice.

This is a direct appeal from an order of the Commonwealth Court denying the petition of Appellant, the Pennsylvania Human Relations Commission (the Commission) seeking enforcement of a subpoena *duces tecum* issued to Appellee, the School District of Philadelphia (the School District).

The pertinent facts of the case are as follows. Tyrone Lewis, a minor, was transferred by Sandra Lewis, his mother, to a desegregation school (the Austin Meehan Middle School) in the School District for the 1985–1986 school year. On May 8, 1986, Tyrone was transferred out of the Austin Meehan School by his mother. On July 1, 1986, Mrs. Lewis filed an *unverified* complaint on behalf of Tyrone with the Commission alleging that Tyrone was discriminated against by the school on the basis of his race, which is black.

Thereafter, on November 19, 1986, Mrs. Lewis filed a *verified* complaint with the Commission. The School District filed an answer along with a motion to dismiss the complaint as untimely filed, on May 29, 1987. The motion to dismiss was based on the fact that the *verified* complaint was filed approximately six months after the last possible date of the alleged acts of discrimination (when Tyrone was transferred from the Austin Meehan School) which was beyond the 90 day filing period required under Pennsylvania Human Relations Act (the Act) 1955, Oct. 27, P.L. 744 § 1; 1961, Feb. 28, P.L. 47 § 1, 43 P.S. 951 et seq.[1] On August 27, 1987, the Commission issued an interlocutory order denying the School District's motion to dismiss.

In the interim, the Commission, as part of its investigation of the complaint, served a subpoena *duces tecum* on

---

1. At the time of the filing of the instant complaint the Pennsylvania Human Relations Act required filing within 90 days of the alleged act of discrimination. The Act was amended in 1986 to extend the filing period to 180 days. 43 P.S. § 959(g), as amended 1986, Dec. 16, P.L. 1626, No. 186 § 7.

the School District on March 24, 1988.[2]   The School District in correspondence dated April 22, 1988, refused to comply with the subpoena.   On July 26, 1988, the Commission filed a "Petition for Enforcement of Subpoena" in the Commonwealth Court.   The Commonwealth Court denied the petition holding that the Commission lacked subject matter jurisdiction over the case because the complaint was untimely filed.   The Commission now takes a direct appeal to this Court from the Commonwealth Court's order refusing to enforce the subpoena.   We reverse.

Our jurisdiction over the present matter, our scope of review of a petition seeking enforcement of an administrative subpoena and the merits of the present controversy are all controlled by our recent decision in *Commonwealth of Pennsylvania Human Relations Commission v. Landsdowne Swim Club*, 515 Pa. 1, 526 A.2d 758 (1987).

In *Landsdowne*, which also involved a petition for enforcement of an administrative subpoena, we determined, as we do here, that the Commission is entitled to an appeal "as of right" from a final order of a matter originally commenced in the Commonwealth Court.   *Id.*, 515 Pa. at 5, 526 A.2d at 758, 42 Pa.C.S.A. § 723(a).[3]   In that case we also

**2.**  The subpoena duces tecum requested the production of the following documents:
  1.  A full and complete copy of the Complainant's Student Record, inclusive of any and all citations for discipline.
  2.  A copy of any and all documents regarding the name calling and hitting incident which occurred in Mr. Markowitz's class, involving two girls, where both students were sent to the office with a recommendation that only the instigator (the non-minority student) be suspended.
  3.  A copy of any and all records of interviews conducted by the Respondent regarding the incident where the Complainant allegedly called the Respondent teacher an "asshole".
  4.  A copy of the report resulting from the investigation of the Complainant's allegations that the actions taken against her minor son were racially motivated, prepared by the Respondent Desegregation Office.

**3.**  As in *Commonwealth of Pennsylvania, Human Relations Commission v. Landsdowne Swim Club*, 515 Pa. 1, 526 A.2d 758 (1987), in this case the subpoena enforcement action, which the Commission properly elected to bring in the Commonwealth Court, 43 P.S. § 957(g), is the only judicial action taken thus far, and the Commission has not

stated that our scope of review of a petition for enforcement of an administrative agency subpoena is limited to whether: 1) the inquiry was within the authority of the agency; 2) the demand is not too indefinite; and 3) the information sought is reasonably relevant. *Id.,* 515 Pa. at 10, 526 A.2d at 763. Finally, in *Landsdowne,* we concluded that the Commission "need not prove it has jurisdiction as a condition precedent to judicial enforcement of an administrative subpoena". *Id.,* 515 Pa. at 11, 526 A.2d at 763.

We note that the holding in *Landsdowne* directly controls the present case. Thus, the Commonwealth Court erred in refusing to enforce the subpoena on the basis that the Commission lacked subject matter jurisdiction. The Commission need not prove that it has jurisdiction over the case at this preliminary stage in order to compel the production of the documents necessary for its investigation.

Turning now, to our scope of review as set forth in *Landsdowne,* we note that the parties are not in dispute as to whether the subpoena was definite and reasonably relevant to the claim of discrimination. However, the parties are in disagreement as to whether the inquiry made by the Commission to obtain the school documents and records, was within its investigative authority. We find that the request for documents was within the authority of the Commission.

The Act directs that the Commission "[a]fter the filing of *any* complaint, or whenever there is reason to believe an unlawful discriminatory practice has been committed ... shall make a prompt investigation in connection therewith". 43 P.S. § 959(b)(1) (emphasis added). Thus as we stated in *Commonwealth, Pennsylvania Human Relations Commission v. United States Steel Co.,* 458 Pa. 559, 325 A.2d 910 (1974), the Commission has the "general authority to conduct investigations even in the absence of a properly filed, legally adequate complaint". More specifically, the act empowers the Commission, "to inspect upon request

yet determined if there is probable cause to credit the allegations of the complaint.

such records of the Commonwealth or any political subdivision, board, department, commission, or *school district* thereof as it may deem necessary or advisable to carry into effect the provisions of this act" 43 P.S. § 957(h) (emphasis added). Finally, the Act gives the Commission "formal evidence gathering powers", including the power to request the production of documents but, only "where a complaint has been properly filed". 43 P.S. § 957(g). In *Pennsylvania Human Relations Commission v. United States Steel Corp.*, 458 Pa. 559, 566, 325 A.2d 910, 918 (1974), we held that a complaint is properly filed under the Act when it is free from "substantial defect". Therefore, the central question becomes whether the unverified complaint filed by Mrs. Lewis in this case was free from substantial defect. We find that it was.

In this case the original complaint filed by Mrs. Lewis within the ninety day filing period was only lacking in verification. By analogy to civil practice and procedure we note that this court has described "verification" as "a technical rule of pleading and practice" and "more a matter of form than substance". *In re Johnson*, 509 Pa. 347, 502 A.2d 142 (1985). The rules of practice and procedure governing the filing of complaints under the Act permit any "nonconformity" to be cured by amendment within a reasonable time. 16 Pa.Code § 42.11(d). Therefore, in keeping with the legislative mandate that the provisions of the act shall be liberally construed to give effect to their purpose, 43 P.S. § 962(a), we find that the failure of Mrs. Lewis to conform to the verification requirement was cured by the filing, within a reasonable time, of the second verified complaint.[4]

4. A number of federal court decisions involving the Equal Employment Opportunity Commission (EEOC) support the conclusion that the lack of verification is not a jurisdictional defect but a technical defect that can be cured by amendment. *See, Weeks v. Southern Bell Telephone and Telegraph Co.,* 408 F.2d 228 (5th Cir.1969) (complaint that was timely filed could be amended after the running of the statutory filing period to include the necessary verification), *Roberson v. Great American Insurance Companies,* 48 F.R.D. 404 (D.Ga.1969) (verification requirement is an administrative rather than judicial feature of the statute), *Bremer v. St. Louis Southwestern R.R. Co.,* 310

Accordingly, I would reverse the order of the Commonwealth Court denying the petition to enforce the Subpoena and direct the School district to produce the documents subpoenaed by the Commission.

NIX, C.J., and FLAHERTY, J., join this Opinion In Support of Reversal.

## PER CURIAM

The court being equally divided, the decision of the Commonwealth Court is affirmed.

ZAPPALA, J., files an Opinion In Support of Affirmance joined by McDERMOTT and PAPADAKOS, JJ.

LARSEN, J., files an Opinion In Support of Reversal joined by NIX, C.J., and FLAHERTY, J.

F.Supp. 1333 (D.Mo.1969) (verification by amendment subsequent to filing permitted), *Wilson v. Monsanto Co.*, 315 F.Supp. 977 (D.La.1970) (amendment of complaint filed with EEOC to cure technical defect such as lack of verification permitted), *Georgia Power Co. v. Equal Employment Opportunity Commission*, 412 F.2d 462 (5th Cir.1969) (unsworn charge is sufficient and subsequent amendment relates back to original). These cases provide guidance not only because this Court has characterized title VII of the Civil Rights Act of 1964 as the "federal analogue" to the Pennsylvania Human Relations Act, *See, General Electric Corp. v. Commonwealth, Pennsylvania Human Relations Commission*, 469 Pa. 292, 365 A.2d 649 (1976), but also because the federal statute, like our state statute, requires complaints to be under oath.