582 A.2d 730

**COMMONWEALTH BANK AND TRUST COMPANY, N.A., Petitioner,**

v.

**Margit WINTERBERGER and Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Nov. 16, 1990.

Petition for Allowance of Appeal Granted April 29, 1991.

No appearance for petitioner.

William A. Hebe, Spencer, Gleason & Hebe, Wellsboro, for respondent, Margit Winterberger.

Charlene E. Couch, Asst. Chief Counsel, with her, Elisabeth S. Shuster, Chief Counsel, Harrisburg, for respondent, Pennsylvania Human Relations Com'n.

Before PELLEGRINI and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This petition for review comes from interlocutory orders entered by the Pennsylvania Human Relations Commission (Commission) on February 13, 1990, and March 2, 1990. A petition for permission to appeal these orders, pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), and Pennsylvania Rule of Appellate Procedure 1311, was filed by Commonwealth Bank and Trust Company (Petitioner), and granted by this Court in an order dated April 19, 1990.

This action concerns a complaint which Margit Winterberger, an employee of Petitioner, filed with the Commission, alleging that she had been discriminated against by Petitioner because of her sex and her age. Petitioner alleged that Winterberger's complaint was not filed within the time limitations set forth in Section 9(g) of the Pennsylvania Human Relations Act (Act),[1] and filed a motion to dismiss

1. Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 959(g). This subsection provides that a complaint must be filed within 180 days of a discriminatory act.

the complaint as untimely. This motion was denied by Thomas L. McGill, Jr., Chairman of the Commission, in his order of February 13, 1990.

Petitioner next petitioned to have this order modified, so as to certify the matter for appeal. In an order dated March 2, 1990, McGill made the following findings:

1. That the February 13, 1990 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

2. That an immediate appeal from the Order may materially advance the ultimate termination of this matter.

A review of the record, and the chronology set forth by McGill in his order of February 13, 1990, reveals the facts to be as follows.

Winterberger alleged discriminatory acts by Petitioner for a time period covering January 25, 1988, the date she was demoted, through May 29, 1988, the date when her status was changed from salaried employee to an hourly employee. Winterberger and her counsel contacted the Commission office in Harrisburg. A complaint and questionnaire were mailed to them, and they were instructed to send the completed forms to the Commission's regional office in Pittsburgh.

Winterberger claims that she submitted the completed forms to the Commission's Pittsburgh office on June 30, 1988. Winterberger's counsel called the Pittsburgh office in July to inquire about the status of this matter, and was told someone would return his call. No return phone call was made. In August, counsel again called, and was advised that a strike by state employees, which had occurred in the summer of 1988, had delayed processing of complaints. Further phone calls were made in September and October, until counsel was finally told that Winterberger's forms may never have been processed. Counsel was advised to submit duplicates of the original questionnaire and complaint, which was done under a cover letter dated October 4, 1988.

The Commission then returned the complaint to Winterberger under a cover letter dated November 22, 1989, for her to sign and have notarized. Winterberger sent the signed and notarized complaint to the Commission on December 1, 1988. Petitioner apparently did not receive a copy of the complaint until February 1989. Petitioner then filed its motion to dismiss the complaint as untimely.

In support of its motion to dismiss, Petitioner noted that the Act requires that a *verified* complaint must be filed within 180 days of an alleged discriminatory act in order to invoke the jurisdiction of the Commission. Accepting as true the account given by Winterberger, it remains the case that no *verified* complaint was filed on her behalf until December 1, 1988, more than 180 days after the discriminatory acts Petitioner was alleged to have committed on January 25, 1988, and May 29, 1988. Therefore, Petitioner contends that Winterberger's complaint was untimely filed, and must be dismissed as such.

The Commission contends that since the delay in verifying and processing of Winterberger's complaint was attributable to errors committed by Commission personnel, it would be unfair to penalize Winterberger for these errors and dismiss her complaint. Essentially, the Commission's position is that Winterberger took all of the necessary steps to file a complaint, and did so within the time limitations of the Act. Any delay in verifying the complaint was something over which she had no control. The Commission asserts that it is permitted to take these factors into account, and that the circumstances are the administrative agency equivalent to a breakdown in the court's operations.

Having considered the respective arguments of both parties, and reviewed the applicable legal authorities, we do not find that the Commission erred in denying Petitioner's motion to dismiss. Under the circumstances presented here, where the delays in filing this complaint were caused by administrative errors within the Commission itself, we believe that the Commission acted within its authority in treating Winterberger's complaint as having been timely

filed. In our judgment, this action did not ignore the statutory requirements for a verified complaint set forth in the Act, nor did it enlarge the time limitations found therein.

In *Murphy v. Commonwealth*, 506 Pa. 549, 486 A.2d 388 (1985), the Supreme Court observed that the provisions of the Act require the filing of a verified complaint, which sets forth the particulars of the discriminatory practice complained of, in order to invoke the jurisdiction of the Commission. Petitioner seeks to rely on this case as support for its position. However, we note that neither this case, nor the case of *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 522 Pa. 436, 562 A.2d 313 (1989), upon which Petitioner also relies, involve a situation where a delay in filing a verified complaint is attributable to errors committed by Commission personnel. Thus, they do not address the particular issue presented to us in this petition for review. Moreover, we note that *School District of Philadelphia* resulted in a 3–3 tie vote of our Supreme Court and, therefore, is not controlling here.

■ There is a long history of case law in this Commonwealth in which parties were permitted to proceed *nunc pro tunc* with appeals, where a late filing was due to reliance on erroneous information given by an administrative agency official. *See, e.g., Horn v. Lehigh Valley Railroad Company*, 274 Pa. 42, 117 A. 409 (1922); *Gill Unemployment Compensation Case*, 165 Pa.Superior Ct. 605, 70 A.2d 422 (1950); *Layton v. Unemployment Compensation Board of Review*, 156 Pa.Superior Ct. 225, 40 A.2d 125 (1944); *West Greene School District v. Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 334, 535 A.2d 697 (1988); *Nayak v. Pennsylvania Department of Public Welfare*, 107 Pa.Commonwealth Ct. 504, 529 A.2d 557 (1987); *Moore v. Pennsylvania Board of Probation and Parole*, 94 Pa.Commonwealth Ct. 527, 503 A.2d 1099 (1986); *Tarlo v. University of Pittsburgh*, 66 Pa.Commonwealth Ct. 149, 443 A.2d 879 (1982). The action of the Commission here, in accepting Winterberger's complaint as though it

were timely filed, is based upon similar reasoning. The errors or negligence of Commission personnel, resulting in a delay in processing an otherwise timely filed complaint, should not deprive an innocent party of receiving consideration on the merits of his or her claim.

Accordingly, we affirm the orders of the Commission, denying Petitioner's motion to dismiss this matter. We direct that this matter be remanded to the Commission for further proceedings. Jurisdiction is relinquished.

## ORDER

AND NOW, November 16, 1990, the interlocutory orders of the Pennsylvania Human Relations Commission entered in the above-captioned matter are hereby affirmed.

We direct that this matter be remanded for further proceedings. Jurisdiction is relinquished.

BYER, Judge, concurring.

I find this to be a close case. Ordinarily, one would think that it is the responsibility of the complainant to prepare and file a proper complaint within the applicable time limit. Here, it appears that the Pennsylvania Human Relations Commission actually was responsible for preparing the final version of the complaint.

The record shows that counsel for Ms. Winterberger filled out and sent to the commission a questionnaire and complaint on standard forms provided by the commission (22a, 23a, 33a). The complaint form provided by the commission (33a) did not have any page for the signature and verification of the complainant.

The record also shows that counsel for Ms. Winterberger, after sending these forms to the commission, was diligent in contacting the commission by telephone and in writing to ascertain the status of the case, but that commission representatives informed him that the processing of the complaint was interrupted by the strike. On October 3, 1988, a commission representative informed counsel for Ms. Winter-

berger that the strike resulted in many complaints not reaching the commission's intake officers, and that Ms. Winterberger's complaint appeared to be one of these (38a). Therefore, the following day, counsel for Ms. Winterberger resubmitted the complaint by sending a new copy with an explanation to the commission's intake supervisor in Pittsburgh (38a).

On November 22, 1988, a representative of the commission sent Ms. Winterberger a letter "enclosing the Complaint that you wish to file before the Pennsylvania Human Relations Commission." (40a). The commission representative requested in the letter that Ms. Winterberger review the complaint, contact the representative for instructions on how to correct any errors which might appear in the facts as stated, sign the complaint before a notary public and return the signed and notarized complaint to the representative within 10 days. (Id.) The enclosed complaint (41a) was identical to the form which Ms. Winterberger's counsel had sent to the commission on June 30, 1988 (33a), except that the commission had attached to the complaint the commission's standard execution and verification page (45a).

At oral argument, counsel for the commission informed us that with the exception of the delays caused by the strike, the commission processed this case in accordance with its standard procedures.

Therefore, the record clearly establishes that the commission and not Ms. Winterberger was responsible for preparing the final executed and verified complaint. The record also clearly establishes that it was the commission's fault that the complaint in this case was filed beyond the statutory time limit.

Based upon these facts, I join the majority opinion. However, I question the wisdom of the commission's procedure, as followed in this case. There is no reason why the commission cannot attach the signature/verification page to the form complaint it provides initially to complainants. The commission's unnecessary two-step procedure, combined with the unusual circumstance of a strike, is what

caused the problem here. There would have been no problem, and this "subsidiary" litigation over the timeliness of the complaint would have been unnecessary, if the commission simply had provided Ms. Winterberger or her counsel with the signature/verification page as part of the original form. I hope this case will cause the commission to reexamine its procedure it if has not already done so.