In the Matter of the Claim of RAYMOND B. EMERY, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, March 12, 1953.

*William J. Gregg* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for respondent.

HALPERN, J. This case presents the question of whether one who devotes substantially his full time to a business of which he is one of the owners, while awaiting recall to an outside employment in which he was formerly engaged, is " unem-

ployed " within the meaning of the Unemployment Insurance Law (Labor Law, art. 18) and is eligible for benefits thereunder. In the absence of any statutory provisions giving a special meaning to the words used, a negative answer would seem to be obvious. One who is " self-employed " is not " unemployed ".

The appellant's argument to the contrary rests solely upon the definition of " employment " in section 511 of the Labor Law. Subdivision 1 of section 511 reads: " General definition. ' Employment ' means any service under any contract of employment for hire, express or implied, written, or oral."

From this the appellant argues that to constitute employment within the meaning of the statute there must be a contractual master and servant relationship and that one who is the sole proprietor of a business or a copartner in a business enterprise is not in law an employee thereof. Therefore, the appellant argues, one who engages in business for himself or as a copartner, after being laid off from an outside employment, is not engaged in any " employment "; ergo, he is " unemployed ".

The appellant's obvious error consists of applying a general definition which was intended to indicate the scope of the coverage of the statute, to the wholly unrelated question of what constitutes unemployment within the meaning of the statute. He overlooks the fact that the term " total unemployment " and the term " employment " as used in connection therewith are specifically defined in section 522 of the Labor Law as follows: " ' Total unemployment ' means the total lack of any employment on any day, caused by the inability of a claimant who is capable of and available for work to engage in his usual employment or in any other for which he is reasonably fitted by training and experience. *The term ' employment ' as used in this section means any employment including that not defined in this title* ". (Emphasis supplied.)

The last sentence of the section would have been clearer if the word " work " had been used in the text of the definition instead of the word " employment " but it is plain enough that this is what was intended. The word " employment " is synonymous, in a colloquial sense, with " work " and the standard dictionaries so define it. The last sentence of section 522 should be read as providing that the term " employment " as used in that section means any work for profit or remuneration, whether or not it is included within the term " employment " as defined in subdivision 1 of section 511 (cf. subdivision 5 of section 205 and section 207 of the Workmen's Compensation Law). Self-

employment is clearly work for profit; one who is self-employed is engaged in employment within the meaning of section 522 and he cannot claim any unemployment insurance benefits.

There can be no controversy about the application of this conclusion to the facts of this case. The appellant was employed from time to time in a silk mill. He and another mill employee purchased a retail liquor store which they operated as copartners. Their partnership agreement provided that they were to give their full time to the business but, in practice, if one of the partners was working at the mill, the other partner would run the store. While both partners were at work at the mill, the appellant's wife took care of the store during their work-shifts but they worked additional hours in their off time.

The appellant was laid off from mill employment for periods of varying length in 1950 and 1951. During these periods he worked the usual hours of the business day in the liquor store. These are the periods for which the appellant claimed unemployment insurance benefits. This claim was properly rejected under the construction of section 522 of the Labor Law set forth above.

There was no time during which the appellant was unemployed; therefore no question arises under section 523 of the Labor Law as to whether the claimant's earnings during any week in which unemployment occurred exceeded the sum of $30. Neither does any question arise in this case as to whether the claimant was disqualified for benefits under any of the provisions of section 593; the claimant was not denied benefits because he was unavailable for outside employment. It may be assumed that he was available for recall to the mill at all times but the fact remains that he was at work in the liquor store and was not unemployed while awaiting the call.

The decision of the Unemployment Insurance Appeal Board should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, without costs.