Martin Unemployment Compensation Case.

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*W. J. Krencewicz,* with him *Adolph A. Rugienius,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY RENO, J., December 29, 1953:

The Unemployment Compensation Board of Review denied appellant's claims for benefits, basing its decision upon the referee's findings of facts which it affirmed: "1. The claimant had been employed intermittently as a jig runner by the Morea Mining Company, Morea Colliery, Pennsylvania. His last day of work was December 23, 1952, when he was laid off due to lack of work. 2. The claimant and his wife

operate a bar and liquor establishment since. September 1949. The liquor license issued by the Pennsylvania Liquor Control Board is in the name of Andrew [appellant] and Catherine Martin. During the period involved herein the claimant devoted five hours each day in the operation of this business."[1]

The conclusion of the referee, also affirmed by the Board, follows: "While the claimant contends that the income derived from the business is solely his wife's, he admitted that the license is in both names and during the period in question he devoted five hours each day in the operation of the business. He, therefore, cannot be regarded as unemployed and must be disqualified under Section 401 of the [Unemployment Compensation] Law."

The referee also concluded that appellant was *not* unemployed within the meaning of the law, supra, §4(u), which until 1951 read as follows: "An individual shall be deemed unemployed with respect to any week during which he performs no services and with respect to which no remuneration is paid or payable to him, . . ." This provision was, however, clarified by the amending Act of September 29, 1951, P. L. 1580, §4(u), 43 P. S. §753, and now reads: "An individual shall be deemed unemployed *(I)* with respect to any week *(i)* during which he performs no services *for which remuneration is paid or payable to him* and *(ii)* with respect to which no remuneration is paid or payable to him, . . ." (Italics in the amending Act.)

Here the able deputy attorney general argued that since appellant was engaged "in his own business" he

---

[1] The Bureau reported that "the claimant and his wife are the *owners* and operators of a taproom." (Emphasis added.) The referee and the Board found that "claimant and his wife operate a bar", etc. This Court, of course, reviews only the final decision of the Board.

was not unemployed and not available for suitable work. However, neither the referee nor the Board found, as a fact, that appellant was engaged "in his own business." The finding is merely that appellant "and his wife operate a bar and liquor establishment", and the uncontradicted testimony of appellant and his wife is that the business was purchased with the wife's money, is owned by her alone, and that the profits of the enterprise are wholly hers.

The license was issued to her and her husband because, as both testified, the agents of the Liquor Control Board insisted that unless appellant's name was joined with hers the license would not be issued.[2] True, they filed a joint income tax return but unless the return, when produced, indicates that the income from the business was reported as a joint earning it must be presumed that the return reflected and reported only the separate and individual income of the parties to the return. The testimony concerning the license and the income tax return, standing alone and without evidentiary implementation, does not furnish a solid base for the conclusion that appellant shared in the ownership of the business, and the higher echelon of the compensation authorities carefully refrained from finding ownership as a fact.

Even if, during the period in question, appellant was paid for his services in his wife's business, he would not thereby be disqualified for benefits. The Law, §4(1), 43 P. S. §753, provides: "The word 'employment' shall not include—(4) Service performed by an individual in the employ of his son, daughter, or spouse,

---

[2] This may be true; but would the Liquor Control Board have issued a license to appellant and his wife unless both were "pecuniarily interested in the business"? See Act of June 16, 1937, P. L. 1762, §403; Liquor Code of April 12, 1951, P. L. 90, §404, 47 P.S. §4-404.

and service performed by a child under the age of twenty-one (21) in the employ of his father or mother."

The argument concerning his availability for suitable work rests entirely upon the fact that he devoted five hours a day to the taproom business. Again there is no finding that he was not available for other work and there is no evidence that he refused a referral to any work. Whether or not he would have discontinued the work at the taproom and taken other offered work is pure speculation. Presumptively at least, having claimed benefits and registered for work, he was ready and willing to engage in other work and the presumption stands until rebutted by substantial evidence. *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898. It cannot be said, as the Board's representative argues, that appellant had, during his lay-off from his work in the mines, detached himself from the labor force.

Conceivably, where a person divides his *time and labor* between work for another and potentially profitable work for himself, as where, e. g., a factory worker also operates, say, a store, a farm or a workshop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate. See Law, §3, 43 P. S. §752.[3] But, as the findings and the evidence now stand, this is not such a case.

The decision is vacated and the record is remanded to the Board for further consideration, with leave to take additional testimony.

---

[3] However, income from pensions, savings accounts, bonds, mortgages and other sources which do not involve or require *work or service* by the recipient will not disqualify an employe for benefits. *Pendleton Unemployment Compensation Case*, 167 Pa. Superior Ct. 256, 75 A. 2d 3.