## Barlow Unemployment Compensation Case.

Argued March 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

No one appeared or filed a brief for appellants.

*William L. Hammond*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for Unemployment Compensation Board of Review, appellee.

*E. MacTroutman,* for employer, intervening appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

The issue to be determined in this case is whether claimants are eligible for benefits under the Unemployment Compensation Law for a period during which they were devoting practically all their time to the development of an independent mining operation on a partnership basis from which no profits had been received.

The two claimants, whose cases we are considering together, had valid separations from their last employment. Both were experienced miners. When they could not obtain employment they and two other men entered into a partnership agreement for the purpose of starting an independent mining operation. The partners leased a tract of land from the Northumberland County Commissioners under an agreement to pay a royalty of 35¢ per ton on the coal removed.

They invested approximately $3000 in mining equipment, made arrangements to lease other equipment when needed, and obtained a purchaser for any coal secured through their mining operation.

From April 27, 1954 until July 20, 1954, the time of the hearing, each partner worked approximately eight hours a day, six days a week, when the weather permitted. To that time they had dug a slope approximately 90 feet deep, but had not yet struck any saleable coal.

In spite of the delays brought about by their encountering unexpected rock and water, the claimants and the partners intended to keep on working the operation until they were able to remove saleable coal.

During the time for which claims are made, the claimants were properly registered for employment

and indicated a willingness to accept suitable work had it been offered them.

Because of their independent mining operation, the bureau, the referee and the board all held that claimants could not be considered "unemployed" even though they had not realized any profits from their mining venture at that time.

The decision was right.

The claimants were devoting their time and efforts during the weeks in question to the performance of essential preliminary work in connection with a mining operation of sizeable proportions, from which they hoped eventually to produce and sell sufficient coal to earn a livelihood for themselves and their families. They will be remunerated for their present efforts from the sale of any coal they may be able to obtain in the future. They were engaged in business for themselves, on a partnership basis, during the period in question, to the same extent as persons operating stores, service stations, garages and farms. They cannot expect the unemployment compensation fund to subsidize their business venture merely because it failed to show an immediate profit. This is particularly true in a situation like this, where the nature of the busines enterprise was such that work done by them now will, in all probability, serve as the basis for remuneration after they strike saleable coal.

The claimants formed a partnership and started this mining venture for their own benefit, with the hope of eventually realizing a profit therefrom and earning a livelihood. In so doing, they assumed the risk of profit or loss and placed themselves in the same category as any other persons engaged in business for themselves. Consequently, they do not come within the category of unemployed persons whom the Act was

primarily designed to protect and are therefore outside the scope of the benefit provisions of the Act.

As was said by President Judge RHODES in *Muchant Unemployment Compensation Case*, 175 Pa. Superior Ct. 85, 88, 103 A. 2d 438 (1954) "one who is self-employed is not unemployed . . . the Unemployment Compensation Law . . . was not designed to insure a weekly income to those engaged in business ventures who may not realize a profit therefrom during various weekly periods."

The cases before us are ruled by the above case. It was there settled that where the claimant is actually engaged in the conduct of a business enterprise, the fact that he realizes no present weekly profit from the business for the services rendered cannot operate to make him eligible for unemployment compensation benefits.

The decision in each case is affirmed.