Commonwealth *v.* Mickere, Appellant.

Argued March 26, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Henry M. Biglan,* for appellant.

*Thomas J. Foley,* Assistant District Attorney, with him *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

William Mickere, defendant in this appeal, was convicted on five separate charges of violating section 801 of the Pennsylvania Unemployment Compensation Law, 43 PS §871, which reads as follows:

"Whoever makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act . . . either for himself or for any other person, shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not less than twenty nor more than fifty dollars, or

shall be sentenced to imprisonment for not longer than thirty days, or both, and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense."

The evidence reveals that defendant was separated from his employment as a steward at a Veterans of Foreign Wars Home in March, 1952. He thereafter filed for unemployment compensation by signing and filing a required application which contained, among others, two questions pertinent to this appeal. The questions asked and the answers given in the application were:

(a) "Have you worked since you last reported here?"

(b) "Are you able and available for work?"

To question (a) the answer was *no* and to question (b) the answer was *yes*.

Defendant's eligibility for compensation was determined on the basis of the questions and answers appearing in the application. There was an allowance and acceptance of compensation benefits for 26 weeks in 1952 and, upon another similar application, for 17 weeks in 1953. Other evidence, however, shows that on April 1, 1952, defendant began to operate, as owner, a business enterprise known as the "Pennway Press", and that compensation was paid to him for the period during which he operated the business.

Compensation authorities, having the above facts and upon determination that numerous violations of the Act were committed, instituted criminal action.

The question now to be decided by this Court is whether a claimant who fails to disclose that he is engaged in his own business violates the penalty provision of the Act when he applies for and receives unemployment benefits.

Judge HOBAN, in a very clear opinion, found that defendant made false statements for the purpose of obtaining compensation when he answered *no* to question (a).

Appellant disagrees with the lower court's opinion and cites several cases in support of the contention that no violation of the Act was committed under the fact as stated. A review of the cases cited by appellant discloses that in *Martin Unemployment Compensation Case*, 174 Pa. Superior Ct. 412, 101 A. 2d 421, neither the referee nor the board found that the appellant was engaged in his own business or that he detached himself from the labor force during the lay-off. In the instant case there is no doubt that defendant entered upon and operated his own independent business. *Dawkins Unemployment Compensation Case*, 160 Pa. Superior Ct. 501, 52 A. 2d 362, another case cited by appellant, at first glance seems to favor appellant's position, but closer examination reveals certain facts which are not in our case. There the board found that Dawkins had not taken himself out of the "labor market" by self-employment, that he registered for work by filing a valid application, was able to and was available for work, and was unemployed during the required waiting period. The Court held that he was not unemployed until his business failed. The unemployment factor was determined as arising subsequent to the business failure and not while engaged in the business. The evidence in the instant case is clear that defendant's enterprise not only did not fail but became a profitable business. The facts in the case before us are quite distinguishable from the facts in the *Dawkins* case. Defendant here expressly represented to the compensation authorities that he was not working, but the truth is that he was operating the "Pennway Press" after having registered

as its sole owner under the Fictitious Name Act and signing the lease as its proprietor. As stated by the lower court, it is quite clear from the evidence that defendant actually worked in the business which he is still conducting on a profitable basis. His answer to that particular (a) question was in fact false.

Our President Judge RHODES, in *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438, very definitely set down the following rule:

". . . one who is self-employed is not unemployed . . . the Unemployment Compensation Law . . . was not designed to insure a weekly income to those engaged in business ventures who may not realize a profit therefrom during various weekly periods."

We agree with the lower court that the conviction must stand.

Judgment is affirmed.