## Walley Unemployment Compensation Case.

Argued October 3, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William Walley,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION PER CURIAM, November 12, 1957:

In this unemployment compensation case benefits were denied to claimant-appellant, William Walley, by the bureau, the referee, and the Unemployment Compensation Board of Review.

The board found that claimant was not eligible to receive unemployment compensation benefits because he was not unemployed within the meaning of section 401 of the Unemployment Compensation Law as defined in section 4 (u) of the Law. Section 4 (u), as amended, 43 PS §753, provides: "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, . . ."

Claimant was graduated from the Temple University School of Chiropody in 1952 and is a licensed chiropodist in Pennsylvania. He was employed as a laboratory worker for about one year by the United States Department of Commerce, Bureau of Standards, at Allentown, Pennsylvania, until October 19, 1956. He was discharged on that date for lack of work.

It was established that during such employment claimant engaged in the practice of chiropody and was always available, and that while filing claims for compensation benefits he held himself out as a chiropodist, made house calls whenever called, and generally practiced the profession. He is listed in the telephone directory as a chiropodist. On the record before us the Board of Review properly concluded that claimant was not unemployed. As the board in its decision said: "One who engages in the practice of a profession assumes the risk of profit and loss and takes himself out of the category of an unemployed 'employee' and beyond the scope of the Unemployment Compensation Act."

In *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 88, 103 A. 2d 438, 440, we said, quoting from *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 416, 101 A. 2d 421, 423: " 'Conceivably, where a person divides his *time and labor* between work for another and potentially profitable work for himself, as where, e.g., a factory worker also operates, say, a store, a farm or a work-shop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate.' "

The decision of the board is affirmed.