## Gheder Unemployment Compensation Case.

Argued April 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Herbert G. Labbie,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WATKINS, J., June 11, 1958:

In this unemployment compensation appeal the bureau of employment security, the referee and the board

of review, all concluded that the claimant's application for benefits were invalid since he was engaged in business for himself and could not be deemed to be unemployed within the meaning of Section 401 of the Unemployment Compensation Law as defined in section 4 (u) of the law. Section 4 (u), as amended, 43 PS §753, provides: "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, . . .".

The claimant was last employed by Easley and Rivers, Natrona Heights, Pennsylvania, until October 19, 1955. It is clear, however, from the evidence, that during his employment, and since October 19, 1955, for the period which he claims benefits, he was engaged in hauling ashes and odd jobs by truck; that he had the use of and access to a truck or trucks that he used for the said business; that when he was employed he had other men operating the truck or trucks and when he was not working he drove a truck himself; and that when someone else operated the truck he shared in the remuneration.

The claimant at the first hearing indicated he owned a truck and the referee so found but at a remanded hearing he vigorously denied ownership but admitted access and use, and the findings were so amended. He seems to be under the impression that ownership had denied him benefits and his testimony constantly evades the issue that he used a truck or trucks for hauling ashes and odd jobs during the period for which he claimed compensation.

In *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 88, 103 A. 2d 438, 440, President Judge RHODES stated, quoting from *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412,

416, 101 A. 2d 421, 423 : " 'Conceivably, where a person divides his time and labor between work for another and potentially profitable work for himself, as where, e.g., a factory worker also operates, say, a store, a farm or a work-shop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate.' " This would certainly apply to a claimant engaged in the business of operating a truck to haul ashes and do odd jobs. See also: *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254 (1948) ; *Walley Unemployment Compensation Case*, 184 Pa. Superior Ct. 456, 136 A. 2d 136 (1957).

The decision of the Unemployment Compensation Board of Review is affirmed.