**PARENT, Appellant, v. ADMINISTRATOR and BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION et, Appellees.**

Common Pleas Court, Mahoning County.

No. 157307.   Decided May 22, 1959.

Vincent E. Gilmartin, for appellant.

Mark McElroy, Atty. Genl., Daniel T. Lehigh, Asst. Atty. Genl., for appellees.

## OPINION

By MAIDEN, J.

A careful study of the unemployment compensation law, §4141.01 R. C., does not disclose any definition of unemployment. Subsection (B) of that section defines employment to mean "service performed for wages under any contract of hire, written or oral, express or implied, . . ."

A reference to any of the standard English dictionaries indicates that unemployment means without employment. It would rationally follow, therefore, that one without employment would be one without "service performed for wages under any contract of hire, written or oral, express or implied, . . ."

Applying the facts as shown by the record it is clear that the appellant in the operation of his side line store does not fall within the meaning above set forth of employment; he is not working for wages, he is not working under any contract of hire, written or oral, express or implied. He is, therefore, unemployed within the meaning of the unemployment compensation law. This construction does not strain in any way the meaning of that law. The Supreme Court in the State of Ohio v. Stevens, 161 Oh St 432, at page 434, affirms the following guide to be used in the interpretation of a statute:

"In the second paragraph of the syllabus in the case of Slingluff v. Weaver, 66 Oh St 621, 64 N. E., 574, this court held:

" '2. But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.' "

It is interesting to note that the Bureau of Unemployment Compensation Regulation 412.2 Miscellaneous disqualifications contains the following:

"An individual who is self-employed is not considered eligible for benefits unless his self-employment is subordinate to a principal occupation."

This would seem to indicate that the regulations of the Bureau recognize specifically that one who is self-employed may be entitled to unemployment benefits.

Sec. 4141.01 (N) R. C., reads:

"An individual is 'partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to him for such week is less than his weekly benefit amount."

Sec. 4141.01 (M) R. C., reads:

"An individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him."

Sec. 4141.01 (H) R. C., defines remuneration to be: "All compensation for personal services, including commissions and bonuses and the cash value of all compensation in any medium other than cash."

The Unemployment Act, therefore, takes into consideration any remuneration which the employee may receive for personal services from any other source, and such remuneration paid within the week is deductible from that weekly benefit.

The decision of the Board of Review is reversed as being contrary to law. An entry may be draw by counsel accordingly.