Urban Unemployment Compensation Case.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James Craig Kuhn, Jr.,* with him *Arnold D. Wilner,* and *Wilner, Wilner and Kuhn,* for appellant.

*Sidney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY ERVIN, J., June 10, 1959:

In this unemployment compensation case benefits were denied to claimant-appellant, John L. Urban, by the bureau, the referee and the Unemployment Compensation Board of Review. The board found that claimant was not eligible to receive unemployment compensation benefits because he was not unemployed within the meaning of §401 of the Unemployment Compensation Law as defined in §4(u) of the Law: 43 PS §753.

The board made the following findings of fact: "2. Claimant is a licensed mortician with his place of business at 841 Broadhead Road, Aliquippa, Pennsylvania, where he holds himself out to the public seeking to obtain business.

"3. During the claim filing period here at issue, claimant was engaged in self-employment as a mortician."

There was no dispute as to the above facts. Claimant argues that since he has not had any business and therefore earned no money from his profession, he should be entitled to compensation. In *Muchant Un-*

*employment Compensation Case,* 175 Pa. Superior Ct. 85, 88, 103 A. 2d 438, it was stated: "We agree with the observation of the Board that such a ruling may tend to penalize the ambitious and energetic, but it must be borne in mind that the purpose of the Unemployment Compensation Law is to provide temporary benefits for the worker who is unemployed through no fault of his own. See Dawkins Unemployment Compensation Case, 358 Pa. 224, 234, 56 A. 2d 254. It was not designed to insure a weekly income to those engaged in business ventures who may not realize a profit therefrom during various weekly periods. There may be a hardship in some cases where a regularly employed worker is also engaged in the conduct of a part-time business enterprise. However, if, as here, it is established that the claimant is actually engaged in the conduct of such an enterprise, the fact that he realizes no present weekly profit from the business for the services rendered cannot operate to make him eligible for unemployment compensation benefits.

"We indicated our position in this respect in Martin Unemployment Compensation Case, 174 Pa. Superior Ct. 412, 101 A. 2d 421, wherein we stated: 'Conceivably, where a person divides his *time and labor* between work for another and potentially profitable work for himself, as where, e.g., a factory worker also operates, say, a store, a farm or a work-shop, a suspension of work at the factory may not and probably does not expose him to the rigors of unemployment which the Law is designed to alleviate. See Law, §3, 43 PS §752.' "

In *Walley Unemployment Compensation Case,* 184 Pa. Superior Ct. 456, 136 A. 2d 136, the claimant was a licensed chiropodist and we held that he was not unemployed. In *Aley Unemployment Compensation Case,* 178 Pa. Superior Ct. 515, 116 A. 2d 241, we held

that the claimant was ineligible for benefits because he and his wife owned and operated an appliance store. The mere fact that the business was not profitable did not remove claimant from the category of a businessman and bring him within the class of workers the Unemployment Compensation Law was designed to protect.

Decision affirmed.