## Alick Unemployment Compensation Case.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*George Alick,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY RHODES, P. J., December 14, 1960:

The claimant in this unemployment compensation case was last employed by the Anchor Sanitary Company, New Castle, Pennsylvania, and had a valid separation therefrom on April 3, 1959.

In denying compensation the Board of Review found: "2. Subsequent to this separation, some time in the fall of 1959, the claimant entered the field of self-employment as an air conditioner serviceman, advertising his services, and listing the same in the telephone book."

Claimant's gross income from this activity was approximately $500 in 1959. Although claimant stated he was available for full-time employment, this is immaterial as he was otherwise disqualified.

The Board of Review affirmed the referee and denied claimant's application for benefits because he had failed to meet the requirements of section 402(h) of the Unemployment Compensation Law, as added by the Act of December 17, 1959, P.L. 1893, 43 PS §802(h).

Section 402(h) of the Law now provides:

"An employe shall be ineligible for compensation for any week—(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department."

Claimant was admittedly engaged in self-employment which he entered subsequent to his separation from his previous full-time employment. It is undisputed that such self-employment was not a continuation of a side-line activity during employment. Claimant having embarked upon self-employment subsequent to the separation from his full-time work is disqualified under section 402(h) of the Law.[1] The record is clear

---

[1] Our prior cases hold that a person who is self-employed during the period for which benefits would otherwise accrue is not "unemployed" within the meaning of the Unemployment Compensation Law. See *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 87, 103 A. 2d 438; *Aley Unemployment Com-*

that claimant was not engaged in self-employment during his full-time work but embarked upon his self-employment subsequent to his separation from his full-time employment at Anchor Sanitary Company.

The purpose of the Unemployment Compensation Law is to benefit those who became unemployed through no fault of their own. Persons who are not so unemployed should not receive benefits from the fund. Those who are engaged in business for themselves must be considered to have removed themselves from the class of unemployed, now subject to the limitation under section 402(h).

Decision is affirmed.

---

*pensation Case*, 178 Pa. Superior Ct. 515, 116 A. 2d 241; *Walley Unemployment Compensation Case*, 184 Pa. Superior Ct. 456, 136 A. 2d 136; *Gheder Unemployment Compensation Case*, 186 Pa. Superior Ct. 493, 142 A. 2d 355; *Wax Unemployment Compensation Case*, 189 Pa. Superior Ct. 196, 149 A. 2d 191; *Urban Unemployment Compensation Case*, 189 Pa. Superior Ct. 503, 151 A. 2d 655; *Meckes Unemployment Compensation Case*, 190 Pa. Superior Ct. 578, 155 A. 2d 463.