## DePriest Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James P. Bryan,* with him *Bryan, Joslin and Bryan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., December 14, 1961:

The claimants, husband and wife, have appealed from a decision of the Unemployment Compensation Board of Review denying them compensation on the ground that they were engaged in self-employment during the weeks for which compensation was claimed.

The husband-appellant is the president and majority stockholder of a family corporation which owns and operates the Kelso Beach Hotel located at Erie, Pennsylvania. The only other stockholders in the corpora-

tion are the wife-appellant, who is secretary and treasurer of the corporation, and the appellants' daughter, who is vice president and assistant secretary.

The Kelso Beach Hotel is a seasonal hotel which, depending upon the weather, generally opens about Memorial Day and closes on or about Labor Day. During the 1960 season the appellants spent full time attending to the corporation's affairs and were paid wages. In this connection the husband-appellant testified that he and his wife received remuneration as employes but did not draw any compensation as officers. He stated that they "employed a couple to be employed as manager and assistant manager to take my place and my wife's place in the event we could obtain suitable employment". Apparently, the appellants' wages were subject to the usual social security deductions and the corporation also paid social security and unemployment compensation taxes on their wages.

In their applications for unemployment compensation benefits, filed in January 1961, the claimants stated that they were unemployed because "hotel closed at end of resort season". When asked if he had not created his own unemployment by closing down at the end of the season, the husband-appellant testified: "Well the weather is what dictates when you close. It is a question of economics . . ." Finally, when asked whether he intended to retain the hotel, the husband-appellant testified: "The hotel will be reopened."

The Bureau of Employment Security and the referee concluded that the appellants were ineligible for compensation because they were engaged in "self-employment" within the meaning of Section 402(h) of the Unemployment Compensation Law, as amended, 43 PS §802, during the period for which compensation was sought. The bureau and the referee also concluded that the claimants, being engaged in business for themselves, could not be deemed to be "unemployed"

within the meaning of Section 401 of the law (43 PS §801) as defined in Section 4(u), as amended, 43 PS §753. The board of review affirmed the denial of benefits placing the disqualification only under Section 402(h) of the law.

The conclusion of the bureau and the referee that the claimants were not "unemployed" during the period in question is in accord with our previous decisions. In the *Wax Unemployment Compensation Case,* 189 Pa. Superior Ct. 196, 149 A. 2d 191 (1959), a claimant who was laid off from another job due to lack of work was denied compensation on the ground that he was actively engaged in the hotel business during the period for which compensation was claimed. The fact that the hotel business had failed to show a profit during the period in question was held not to be a relevant consideration. We have also held that the claimant was not unemployed when during the period of his claimed unemployment, he was engaged in substantial farming operations (*Meckes Unemployment Compensation Case,* 190 Pa. Superior Ct. 578, 155 A. 2d 463 (1959); *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438 (1954)); in self-employment as a mortician (*Urban Unemployment Compensation Case,* 189 Pa. Superior Ct. 503, 151 A. 2d 655 (1959)); in the business of hauling ashes and odd jobs (*Gheder Unemployment Compensation Case,* 186 Pa. Superior Ct. 493, 142 A. 2d 355 (1958)); in self-employment as a chiropodist (*Walley Unemployment Compensation Case,* 184 Pa. Superior Ct. 456, 136 A. 2d 136 (1957)); or as owner and operator, with his wife, of an appliance store (*Aley Unemployment Compensation Case,* 178 Pa. Superior Ct. 515, 116 A. 2d 241 (1955)).

That there is no substantial difference between the referee's finding that the claimants were not "unemployed" and the board's finding that they were engaged

in "self-employment", is apparent from our decision in the *Alick Unemployment Compensation Case*, 194 Pa. Superior Ct. 28, 166 A. 2d 342 (1960), where President Judge RHODES, relying upon the cases cited immediately above, said (at footnote 1) : "Our prior cases hold that a person who is self-employed during the period for which benefits would otherwise accrue is not 'unemployed' within the meaning of the Unemployment Compensation Law." In the *Alick* case we held that a claimant who entered the field of self-employment as an air conditioning serviceman was disqualified from receiving benefits by Section 402(h) of the Unemployment Compensation Law, as added by the Act of December 17, 1959, P. L. 1893, 43 PS §802(h).

Where, as here, the claimants are the principal officers and controlling stockholders of the corporate employer, the board is not required to ignore the true state of affairs and regard the claimants merely as employes of the corporate entity. In a number of cases involving final termination of the technical employment of persons who had owned or controlled the corporate employer we have ignored the corporate entity and declared the claimants to be ineligible for compensation on the ground that their unemployment was due "to voluntarily leaving work without cause of a necessitous and compelling nature . . ." within the meaning of Section 402(b)(1), as amended, of the Unemployment Compensation Law, 43 PS §802(b)(1) : *Mednick Unemployment Compensation Case*, 196 Pa. Superior Ct. 73, 173 A. 2d 665 (1961) (where the claimant was the president, manager and owner of fifty per cent of the stock of a corporation which had failed and ceased to do business) ; *Murray Unemployment Compensation Case*, 193 Pa. Superior Ct. 464, 165 A. 2d 273 (1960) (where the claimant, who had been president, owner and operator of an incorporated taproom business, sold all his stock and assets because the business became un-

profitable) and *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960) (where the claimant, who had been president and owner of fifty per cent of the corporation's stock, lost his position when he sold his interest to a co-owner).

While it appears that we have heretofore approved the ignoring of the corporate entity only in cases where the board found voluntary termination of employment under Section 402(b)(1) of the Act, the same principle is applicable in determining whether the claimants, in fact, were "unemployed" under the act, or were self-employed persons whose business merely proved to be unremunerative during the period for which the claim for benefits was made.

Decision affirmed.