LUTHER E. HALL, Judge pro tem.
This is an appeal, taken by the Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, from a judgment of the 29th Judicial District Court for the Parish of St. Charles reversing the decision of the Louisiana Board of Review which held the claimant-employee, Hampton J. Zeringue, to be ineligible for unemployment compensation benefits under the Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.) on the ground that claimant could not be considered unemployed and available for work since he was self employed on a full time basis.
The facts are not in dispute. The claimant was the only witness who testified before the Appeals Referee. He stated that he had been employed for seventeen and one half years with the American Oil Company plant at Destrehan, Louisiana, as a planning clerk at a pay rate of $470.00 per month and that during the last seven years of this employment he spent his spare time in the afternoons and at night and on week-ends selling life insurance on a commission basis as a part-time representative of Pan American Life Insurance Company, from which activities he earned approximately $1,500.00 per year gross, out of which he had to pay his expenses.
Claimant further testified that he was terminated from his regular employment with the American Oil Company on January 9, 1959, as a result of his employer’s cessation of all activity and a complete abandonment of its plant; that thereafter he continued with his life insurance business devoting an average of six or seven hours per day to this work. Claimant further testified that he hoped to make life insurance his profession and that he “hoped to make a go of this thing, now that I’m going to have more time to put to it.” Claimant further stated that he intends to go on with life insurance and be available for any work that might be open that would give him a half-way decent living; that he has “been watching the papers and asking questions and seeked (sic) employment a couple of times, with the hope that I might be able to get out of this slump, and to take care of my insurance at the same time, but to no avail”.
The record shows that claimant’s commissions from his life insurance business (including both first year and renewal commissions) from the date he was terminated to March 21, 1959, the date he filed his claim, amounted to an average of approximately $140.00 per month. For the month of April 1959 his total commissions amounted to $113.81 and for the month of June 1959 they were $111.21. ■ For the entire year 1959 his commissions amounted to a total of $1,455.52, consisting of $1,017.50 from new business and $438.02 from renewals.
In order to be eligible for employment benefits under the Louisiana Employment Security Law an individual must be unemployed, able to work and available for work. LSA-R.S. 23:1600.
“Unemployment” is defined in the statute as follows (LSA-R.S. 23:1472(19)): “an individual shall be deemed to be ‘unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * * ”
And the term “wages” is defined as follows (LSA-R.S. 23:1472(20) (A)): “ ‘wages’ means all remuneration for services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash. The reasonable cash value of remuneration in any medium other than cash shall be estimated and determined in accordance with rules prescribed by the administrator”.
Obviously, the claimant in this case was performing services and was earning wages as defined in the law.
*89 The question presented to us is whether an individual who is self employed or employed on a commission basis is “unemployed” and available for work within the meaning of the statute.
Although this question does not seem to have been passed upon heretofore by any Louisiana appellate court, it has frequently come to the attention of the courts of other states. The cases quite generally hold that one who is self employed is not “unemployed” and is not entitled to unemployment compensation benefits. See Hatch v. Employment Security Agency, 79 Idaho 246, 313 P.2d 1067, 65 A.L.R.2d 1174, and the cases cited in the Annotation 65 A.L.R.2d 1182; see also: Alick v. Unemployment Compensation Board of Review, 194 Pa. Super. 28, 166 A.2d 342; Walley v. Unemployment Compensation Board of Review, 184 Pa.Super. 456, 136 A.2d 136; Urban v. Unemployment Compensation Board of Review, 189 Pa.Super. 503, 151 A.2d 655; Wax v. Unemployment Compensation Board of Review, 189 Pa.Super. 196, 149 A.2d 191; Parent v. Administrator, etc., Ohio Com.PL, 160 N.E.2d 560; Cahoon v. Employment Security Agency, 82 Idaho 224, 351 P.2d 477.
No one would say where a laid off employee engages in odd jobs or in some trivial effort or slight task he thereby becomes “employed” within the meaning of the statute. For instance, a man who tries to sell a few Christmas cards to better his lot would not be employed. Contrariwise if he spent all or most of his time building up a Christmas card business, he would be employed. It is a matter of degree. The test seems to be whether the claimant engages in an activity sufficiently substantial in nature to constitute employment. Meckes v. Unemployment Compensation Board of Review, 190 Pa.Super. 578, 155 A.2d 463. But the mere fact that the activity engaged in is not profitable does not render the claimant unemployed. Meckes v. Unemployment Compensation Board of Review, supra; Urban v. Unemployment Compensation Board of Review, supra; Barlow v. Unemployment Compensation Board of Review, 178 Pa.Super. 278, 115 A.2d 883; Phillips v. Michigan Unemployment Commission, 323 Mich. 188, 35 N.W.2d 237.
In order to arrive at a conclusion in any particular case it is necessary in our opinion to take into consideration all the peculiar facts and surrounding circumstances of that case.
Considering the facts presented in the instant case we find no difficulty in holding that the claimant was employed and not available for work within the meaning of the Louisiana Employment Security Law and that the ruling of the Board of Review holding claimant ineligible for unemployment compensation benefits is fully supported by the evidence.
For the foregoing reasons the judgment appealed from is reversed.
Reversed.