## Salis Unemployment Compensation Case.

Argued March 21, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

reargument refused May 15, 1963.

*Joseph Litt,* with him *Markovitz & Stern,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 18, 1963 :

In this unemployment compensation case the bureau, the referee and the board all determined that appellant was self-employed and thereby disqualified from receiving unemployment compensation benefits

under §402(h) of the Unemployment Compensation Law, 43 PS §802(h).

On July 16, 1961 appellant filed an application for benefits for compensable weeks ending July 29 through November 4, 1961. At the remand hearing held April 11, 1962, Joseph Litt, Esq., an attorney representing the claimant, stated: "The claimant's contention is that from July 22, 1961 until the middle of September he was not self employed. However, we are willing to concede that from September 15th which is the date that the business actually went into operation, the store was open for business from that point on, he was self employed."

We are, therefore, actually concerned only with the period from July 22, 1961 to September 15, 1961.

Section 402(h) of the Unemployment Compensation Law, as now amended, provides as follows: "An employe shall be ineligible for compensation for any week— . . . (h) In which he is engaged in self-employment: . . . ."

In *Alick Unemployment Compensation Case,* 194 Pa. Superior Ct. 28, 166 A. 2d 342, where the appellant offered his services as an air conditioner serviceman subsequent to separation from full-time employment, this Court, in affirming the Board's denial of benefits under §402(h), stated: "Claimant having embarked upon self-employment subsequent to the separation from his full-time work is disqualified under section 402(h) of the Law. The record is clear that claimant was not engaged in self-employment during his full-time work but embarked upon his self-employment subsequent to his separation from his full-time employment at Anchor Sanitary Company.

"The purpose of the Unemployment Compensation Law is to benefit those who become unemployed through no fault of their own. Persons who are not so unemployed should not receive benefits from the fund. Those

who are engaged in business for themselves must be considered to have removed themselves from the class of unemployed, now subject to the limitation under section 402(h)." See also *DePriest Unemployment Compensation Case*, 196 Pa. Superior Ct. 612, 177 A. 2d 20; *Roccograndi Unemployment Compensation Case*, 197 Pa. Superior Ct. 372, 178 A. 2d 786; *DiGregorio Unemployment Compensation Case*, 197 Pa. Superior Ct. 562, 179 A. 2d 665; and *Hyman Unemployment Compensation Case*, 199 Pa. Superior Ct. 532, 185 A. 2d 821.

The board made the following findings of fact: "1. On July 21, 1961 claimant entered into an agreement with Anthony Santucci to operate a clothing store near Burlington, New Jersey.

"2. On August 15, 1961, they opened a checking account for the business with the Bank of Levittown, New Jersey which required that all checks were to carry the signature of both Anthony Santucci as President and the claimant as Vice President.

"3. On or about August 15, 1961, claimant made contacts with various suppliers concerning the purchase of stock for the enterprise.

"4. On October 13, 1961 a corporation under the name of A & A Custom Tailors, Inc. was chartered in New Jersey in which Anthony Santucci was constituted as President and owner of 50% of the stock; Mrs. Anthony Santucci as Secretary and owner of 1% of the stock, and the claimant as Vice President and owner of 49% of the stock.

"5. The claimant was in complete charge of the store which opened for evening hours only on September 15, 1961 and on a full time basis on October 15, 1961.

"6. During the claim weeks at issue, claimant was engaged in performing all the necessary steps pursuant to his and his associate's plans for self-employment."

There was credible evidence to support the above findings of fact and they are binding upon us: *Progress Mfg. Co. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A. 2d 632. The claimant himself testified that his activities on behalf of the business started on or about August 15, 1961. He also admitted that he took complete charge of the store's operation and that Santucci didn't know anything about the business. His principal argument now is based upon the fact that during part of this time he had endeavored to secure other employment as a clothing salesman at other stores. This, however, was consistent with his original understanding with Santucci that if he could find employment elsewhere which would pay him better, he might take it. The fact is, however, that he did not find such other employment and that he continued to operate and manage the A & A Custom Tailors, Inc. store and actually started to draw $100.00 a week for so doing from November 15, 1961.

Santucci and his son also devoted some time to the business but agreed not to draw anything therefrom until the business was built up. The mere fact that claimant did not actually draw any salary when he started his activities on July 21, 1961 is immaterial. See *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254; *Muchant Unemployment Compensation Case*, 175 Pa. Superior Ct. 85, 103 A. 2d 438; *Walley Unemployment Compensation Case*, 184 Pa. Superior Ct. 456, 136 A. 2d 136; *Gheder Unemployment Compensation Case*, 186 Pa. Superior Ct. 493, 142 A. 2d 355; *Wax Unemployment Compensation Case*, 189 Pa. Superior Ct. 196, 149 A. 2d 191; *Urban Unemployment Compensation Case*, 189 Pa. Superior Ct. 503, 151 A. 2d 655; *Meckes Unemployment Compensation Case*, 190 Pa. Superior Ct. 578, 155 A. 2d 463.

Decision affirmed.