Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Catherine D. Finn, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three. Reargued March 2, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*John R. Bonner,* with him *Casale & Bonner,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Atorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 16, 1976:

On or about September 13, 1973, Catherine D. Finn (claimant) was laid off from her employment after sixteen years with T. R. W., Inc., Sunbury, Pennsylvania and her application for unemployment compensation benefits, dated June 30, 1974, was denied on September 26, 1974 by the Bureau of Employment Security (Bureau). The Bureau found that on June 3, 1974 "the claimant became a partner and part-owner with her husband" of a hotel and bar, it being admitted that her name was on the title to the real estate and the liquor license, and, therefore, the Bu-

reau determined that, pursuant to Section 402(h) of the Unemployment Compensation Law[1] (Act), 43 P.S. §802(h), the claimant was self-employed and so ineligible for benefits.[2] On her appeal to the Unemployment Compensation Board of Review (Board) a referee was designated to hold a hearing, after which he denied benefits and, upon further appeal, the Board issued an order affirming and adopting the referee's decision.

In this appeal from the Board's order, our scope of review is limited to a resolution of questions of law and, absent fraud, to a determination of whether or not the necessary findings of fact are supported by the evidence. *Book v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 36, 354 A.2d 4 (1976).

---

[1] Section 402(h) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq. provides, *inter alia,* that

"[a]n employe shall be ineligible for compensation for any week—

. . . .

"(h) *In which he is engaged in self-employment*: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood." (Emphasis added.)

The proviso in this section is not alleged to be applicable and, indeed, the facts would not support such an allegation.

[2] The Bureau also ruled that the claimant was ineligible for compensation pursuant to Section 401(d) of the Act, 43 P.S. §801 (d) because she was not able to work and available for suitable work. This basis for disqualification was eliminated by the referee, who made a finding of fact that the "[c]laimant is able and available for suitable work."

The legal issue presented here is whether or not the claimant is self-employed and so ineligible for compensation pursuant to Section 402(h) of the Act by virtue of her admitted one-half ownership of the hotel, bar, and liquor license. The referee made a finding that the "claimant receives no income from the hotel directly and she and her husband provide for themselves from the operation of the hotel and bar." He reasoned that, even if she did not participate in the operation of the business, she was engaged in self-employment because of her ownership interest in the business.

Self-employment is not defined in the Act, and a review of the relevant cases does not provide a working definition. *Leary v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 409, 322 A.2d 749 (1974). Both ownership and active participation in a private enterprise have been deemed to constitute self-employment.[3] This case, however, presents a matter of first impression in that the

---

[3] In *Martin Unemployment Compensation Case*, 200 Pa. Superior Ct. 542, 189 A.2d 907 (1963), the claimant who owned a business equally with his partner, was denied benefits on the basis that he was self-employed although it appears that he was seeking other employment, was not receiving any remuneration from the business and was engaged in the business only to the extent of attempting to dispose of it. In *Kapera v. Unemployment Compensation Board of Review*, 178 Pa. Superior Ct. 508, 116 A.2d 238 (1955), the claimant and his wife owned a farm and some livestock and although the claimant had been employed elsewhere for almost ten years, and the farm had been almost exclusively operated by his wife and a hired helper, the court denied benefits, holding that the farm was operated for the claimant's own benefit and that he was engaged in business for himself. In *Wax Unemployment Compensation Case*, 189 Pa. Superior Ct. 196, 149 A.2d 191 (1959), an owner of a hotel who took an active part in the management thereof was held to have been engaged in business for himself. See *Edelman v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973).

claimant-owner here did not actively participate in the operation of the business.[4]

In *Salis Unemployment Compensation Case,* 200 Pa. Superior Ct. 548, 190 A.2d 579 (1963), the claimant entered into an agreement on July 21, 1961 with a partner to operate a clothing store which he eventually opened for business on September 15, 1961. The court held in *Salis* that the claimant was engaged in self-employment from the day that he entered into the said agreement. "The mere fact that claimant did not actually draw any salary when he started his activities on July 21, 1961 is immaterial." *Salis, supra,* 200 Pa. Superior Ct. at 552, 190 A.2d at 581. In *Leary, supra,* we held that the claimant became self-employed on the date, May 12, 1972, when he formed a corporation for the purpose of entering the construction industry and that the act of incorporation alone was a sufficiently positive act in the establishment of an independent business enterprise to constitute self-employment under the unemployment compensation law.

We are persuaded by the above-cited cases that the positive act of establishing an independent business enterprise is sufficient here to render the claimant ineligible for benefits, pursuant to Section 402(h) of the Act, as being self-employed. We believe that in this case the claimant is not exposed to the rigors of unemployment which the law is designed to alleviate, *See* Section 3 of the Act, 43 P.S. §752, and that "[t]he purpose of the Unemployment Compensation Law is to benefit those who become unemployed through no fault of their own. . . . Those who are engaged in business for themselves must be considered

---

[4] The claimant testified that she took no part in the operation of the bar and hotel. Although the referee did not make a finding on this issue, her statement was apparently accepted by him as it was included in the "Reasoning" portion of his decision.

to have removed themselves from the class of unemployed. . . ." *Alick Unemployment Compensation Case,* 194 Pa. Superior Ct. 28, 31, 166 A.2d 342, 344 (1960); *Wax Unemployment Compensation Case, supra.* Our construction of the Act here is based upon the guidelines and declaration of public policy found in Section 3 of the Act, upon which the individual sections must be interpreted and construed. *Lybarger Unemployment Compensation Case,* 418 Pa. 471, 211 A.2d 463 (1965).

The appellant's reliance upon *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 101 A.2d 421 (1953) is misplaced because (1) that case does not deal with the question of self-employment and (2) there is no doubt here as to the joint ownership of both the real estate and the liquor license.[5]

We note that benefits were claimed for the weeks ending July 13, 1974 through September 21, 1974[6] all of which were subsequent to June 3, 1974, when the claimant must be deemed to have become self-employed. We, therefore, issue the following

### ORDER

AND, Now, this 16th day of July, 1976, the order of the Unemployment Compensation Board of Review, dated February 7, 1975, is hereby affirmed and the appeal of Catherine D. Finn is dismissed.

---

[5] In *Martin, supra,* the fact-finders had not made a finding as to joint ownership of the business and the claimant had been disqualified from benefits because he was deemed to be (1) unavailable for suitable work and (2) not unemployed. We point out that the court ordered the matter remanded for further consideration.

[6] In order to be eligible to receive compensation, a claim for benefits must be filed with the Bureau. *See* Section 401(c) of the Act, 43 P.S. §801(c) ; 34 Pa. Code §65.31 et seq. The claimant did not file for benefits until June 30, 1974 and, therefore, consideration of eligibility need only be given for the weeks indicated.

518

DISSENTING OPINION BY JUDGE MENCER

I respectfully dissent.

The facts in this case are not in dispute. Mrs. Finn was laid off, due to lack of work, by TRW Incorporated, where she had been employed for sixteen years. On June 3, 1974, she and her husband purchased a hotel in Sunbury, Pennsylvania, and acquired a liquor license for the hotel bar. The property and license are held jointly by Mr. and Mrs. Finn. The referee found that Mrs. Finn performs no work in connection with the hotel nor does she receive income directly from its operations. However, she and her husband live on the income derived from the operation of the hotel.

On June 30, 1974, Mrs. Finn applied for unemployment benefits and was denied compensation for the weeks ending July 13, 1974 through September 21, 1974, the disputed period, by notice dated September 26, 1974, on the grounds that she was unavailable for work and was self-employed. After a hearing on appeal, the referee upheld that part of the decision denying benefits on the ground that Mrs. Finn was self-employed. He specifically found, however, that she was at all times available for work. The Board upheld the referee in an order dated February 7, 1975. Claimant appeals, alleging that the referee erred in determining that she was self-employed within the meaning of Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended* (Act), added by the Act of December 17, 1959, P.L. 1893, §10, 43 P.S. §802(h).

Our consideration of this case is therefore limited to the question of whether, as a matter of law, Mrs. Finn was self-employed within the meaning of the Act.

As we observed in *Leary v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 409, 412, 322 A.2d 749, 750 (1974), "[s]elf-employment is not defined in our Unemployment Compensation Law, and a review of relevant cases unfortunately does not give us a working definition." Therefore, it is necessary to review the cases applying Section 402(h) to discover an applicable test to determine self-employment.

In reviewing the cases applying Section 402(h) to discover an applicable analogue, I discern basically two types of situations in which that section is used to deny benefits. The first type arises when an operating concern, usually because of financial reverses, reduces its staff or goes out of business, thus rendering unemployed persons who were owners, shareholders, or officers of the business in addition to being employees. *See generally Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972); *Chaiken v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 534, 317 A.2d 345 (1974); *Gilbert v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 406, 299 A.2d 695 (1973); *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 177 A.2d 20 (1961).

One of the criteria used to determine self-employment in this type of case is the extent of control exercised by the claimant over the business. The rationale for denying benefits is declared in *Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 152, 191 A.2d 740, 741 (1963):

"The Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. . . ." (Citation omitted.)

Clearly, the criteria applied in those cases to determine ineligibility for benefits due to self-employment are inapplicable to the different factual situation in this case.

The case at bar belongs, in my opinion, to another line of cases applying a different set of criteria. Representative of these cases is *Martin Unemployment Compensation Case,* 174 Pa. Superior Ct. 412, 101 A. 2d 421 (1953), upon which Mrs. Finn urges us to rely here. Martin, who worked five hours a day in a bar which he owned jointly with his wife, was allowed benefits on the grounds that he was available for other work and was unemployed (*i.e.,* not self-employed). The availability of claimant for out-side work and the minimal extent of his ownership were crucial factors in that case. The Board, in support of its contention that claimant was self-employed, cites *Wax Unemployment Compensation Case,* 189 Pa. Superior Ct. 196, 149 A.2d 191 (1959), in which the claimant was found not entitled to benefits by reason of testimony from witnesses that he took "an active part in the operation of his hotel." Both cases predate the 1959 amendments which added Section 402(h) and are therefore not directly applicable. However, cases coming after the 1959 amendments have, like *Wax, supra,* found the extent of active participation in a business to be important in determining whether the claimant was self-employed. In *Alick Unemployment Compensation Case,* 194 Pa. Superior Ct. 28, 166 A.2d 342 (1960), the claimant was denied benefits because he was admittedly self-employed as an air conditioner serviceman, advertised his services, and listed himself in the telephone book as a repairman. He also received $500 in income from his work. Obviously, he had taken an active part in his business.

This Court also has had prior occasion to determine whether a claimant was self-employed. In *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973), the Board found active participation by Edelman, who had taken space in a law office in downtown Philadelphia, had listed himself as a lawyer in the yellow pages, and who worked about three hours a day in his office. More recently, in *Leary v. Unemployment Compensation Board of Review, supra,* we found that the claimant, who had formed a corporation and was elected president after being laid off by his previous employer, had, by the act of incorporation,[1] performed a "positive but not final act in the establishment of an independent business enterprise" which rendered him self-employed.

In the case at bar, the referee found that "claimant [Mrs. Finn] does not directly participate in the operation of the business." He based this finding on testimony by Mrs. Finn that she did not keep books, make beds, or in fact engage in any activity with regard to the operation of the hotel.

Therefore, the close question before us is whether Mrs. Finn is self-employed solely by virtue of having her name on the liquor license and deed of real estate. Applying what I feel is the correct test—whether claimant has performed a positive act in the establishment of a business or taken an active part in the operation of a business—to the facts in this case, I would conclude that the referee erred as a matter of law in finding that Mrs. Finn was self-employed during the weeks in question.

Judge ROGERS joins in this dissent.

---

[1] Inferences as to other activities undertaken in furtherance of the business were also present.