■ In the Matter of the Claim of STEVE SOROKA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board which found (1) claimant was not totally unemployed during three periods making him responsible for reimbursement of benefits paid during said periods and (2) that statements made by claimant in obtaining benefits constituted willful misrepresentations subjecting him to a penalty in the form of reduction of future benefit rights. Claimant has worked as a carpenter for many years. In 1957, he and his wife purchased a 195-acre farm, they bought various farm machinery and

stocked the farm with a dairy herd. The milk production amounts to approximately 400 pounds per day. Claimant and his wife reside on the farm and he works at chores in the morning and evening even when employed in his trade as a carpenter. Claimant filed for and received unemployment insurance benefits for three periods during which he was not employed as a carpenter receiving a total of $3,087.50. During the benefit periods claimant certified as to his total unemployment and answered in the negative questions concerning self-employment including the operation of a farm. Claimant urges that the board's findings are not supported by substantial evidence. We do not agree. The board's rejection of claimant's contention that his wife was the sole operator of the farm and that he did little or no work towards the operation of the farm while he was not working full time as a carpenter as he did when fully employed elsewhere, is supported on the record before us by substantial evidence. The determination is a factual one and it is well settled that an individual engaged in self-employment is not totally unemployed (*Matter of Carasso* [*Catherwood*], 23 A D 2d 935; *Matter of Schreiber* [*Lubin*], 5 A D 2d 745; *Matter of Bunzl* [*Lubin*], 1 A D 2d 46; *Matter of Emery* [*Corsi*], 281 App. Div. 426). Concerning the penalties imposed by the board's decision, upon a review of the entire record in the instant case, we cannot say as a matter of law that the board could not infer that the necessary element of knowledge was present when claimant failed to disclose such substantial activities as the farm operation. Whether the necessary "element of *scienter* and knowledge of falsity or wrongfulness" is present in a given case is a question of fact and therefore is for the board to determine. (*Matter of Bailey* [*Catherwood*], 18 A D 2d 727, 728; *Matter of Bunzl* [*Lubin*], *supra*.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.